DESMARAIS LLP
John M. Desmarais (CA Bar No. 320875)
Emily H. Chen (CA Bar No. 302966)
101 California Street
San Francisco, CA 94111
T: (415) 573-1900
F: (415) 573-1901
jdesmarais@desmaraisllp.com
echen@desmaraisllp.com

Paul A. Bondor (to be admitted *pro hac vice*)
Steven M. Balcof (to be admitted *pro hac vice*)
Elizabeth Weyl (to be admitted *pro hac vice*)
230 Park Avenue
New York, NY 10169
T: 212-351-3400
F: 212-351-3401
pbondor@desmaraisllp.com
sbalcof@desmaraisllp.com
eweyl@desmaraisllp.com

*ATTORNEYS FOR PLAINTIFF GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>                  Plaintiff,<br><br>       v.<br><br>PRINCEPS INTERFACE TECHNOLOGIES LLC<br><br>                  Defendant. | Case No. 19-cv-6566<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,703,963**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Google LLC ("Google") seeks a declaration that it does not infringe United States Patent No. 6,703,963 ("the '963 patent") (Ex. A) as follows:

## THE PARTIES AND INTRODUCTION

1. Google brings this action seeking a declaratory judgment of non-infringement that arises under the patent laws of the United States, Title 35 of the United States Code. Google requests this relief because Defendant Princeps Interface Technologies LLC ("Princeps"), the purported owner by assignment of the '963 patent, alleges that Google infringes the '963 patent.

2. Google is a limited liability company organized and existing under the laws of the State of Delaware and maintains its principal place of business at 1600 Amphitheatre Parkway in Mountain View, CA 94043.

3. On information and belief, Princeps is a limited liability company organized under the laws of the State of Delaware, with a place of business at Princeps Interface Technologies LLC, c/o Kustal and Kustal, P.C., 261 West 35th Street, Suite No. 1003, New York, NY 10001.

4. On June 14, 2019, shortly after Princeps was formed, it filed a patent infringement suit asserting the '963 patent against Google in the District of Delaware. Ex. B, *Princeps Interface Techs. LLC v. Alphabet Inc. and Google LLC* ("*Princeps v. Google*"), No. 1:19-cv-01102-CFC, D.I. 1 (D. Del. Jun. 14, 2019) ("Delaware Complaint"). Princeps alleged in the body of the Delaware Complaint and an attached claim chart that Google's Pixel smartphones using the Android operating system and/or Google's Gboard keyboard application (the "Google Accused Products") practice certain claims of the '963 patent.

5. In the Delaware Complaint, Princeps alleged that it was the "assignee and owner of the right, title and interest in and to the '963 patent, including the right to assert all causes of action arising under [the '963 patent] and the right to any remedies for infringement of it." Ex. B ¶ 26. The U.S. Patent Office Patent Assignment Search Database indicates that Princeps is the most recent assignee of the '963 patent. Ex. C, USPTO Patent Assignment Search for U.S. Patent Application No. 10/247,065 (Oct. 10, 2019).

6. Subsequently, on July 26, 2019, Princeps filed a patent infringement lawsuit in the Northern District of California asserting the '963 patent against ASUSTeK Computer Inc. and its

subsidiaries (collectively, "ASUS").  Ex. D, *Princeps Interface Techs. LLC v. ASUSTek Computer Inc., et al.* ("*Princeps v. ASUS*"), No. 4:19-cv-04298-JSW, D.I. 1 (N.D. Cal. Jul. 26, 2019) ("ASUS Complaint").  In the ASUS Complaint, Princeps alleged that ASUS infringed the '963 patent by making, selling, and offering for sale devices that use the Android operating system—the same operating system used by the Google Accused Products.  Ex. D ¶ 28.

7.    On information and belief, Princeps was formed for the sole purpose of initiating patent infringement lawsuits against companies that provide products and services to U.S. consumers across the country, including within this District.  In particular, Princeps's patent assertion campaign has targeted companies that are located in this District.   Google, for example, maintains its headquarters in Mountain View, California, which is in this District.  On information and belief, Apple Inc., ASUS Computer International, and Samsung Semiconductor, Inc.—three other companies Princeps accused of infringing the '963 patent—also each maintain a principal place of business in this District.  *See Princeps Interface Techs. LLC v. Apple Inc.* ("*Princeps v. Apple*"), No. 1:19-cv-01101 (D. Del. filed Jun. 14, 2019); *Princeps v. ASUS*, No. 4:19-cv-04298-JSW (N.D. Cal. filed Jul. 26, 2019); *Princeps Interface Techs. LLC v. Samsung Electronics Co., Ltd. et al.* ("*Princeps v. Samsung*"), No. 1:19-cv-01103 (D. Del. filed Jun. 14, 2019).

8.    On September 6, 2019, Google filed a motion to dismiss Princeps's Delaware Complaint for a lack of Article III standing.  Ex. E, *Princeps v. Google*, No. 1:19-cv-01102-CFC, D.I. 13, 14 (D. Del. Sept. 6, 2019).  In that motion, Google argued that because the assignment in which the '963 patent was purportedly assigned to Princeps was ineffective, Princeps did not own the patent when it filed the Delaware Complaint and that therefore, Princeps did not have the right to sue Google for infringement.

9.    Princeps never responded to Google's motion to dismiss.  On October 4, 2019, Princeps filed a Notice voluntarily dismissing the Delaware Complaint without prejudice.  Ex. F, *Princeps v. Google*, Case No. 1:19-cv-01102-CFC, D.I. 20 (D. Del. Oct. 4, 2019).  Because Princeps voluntarily dismissed the lawsuit without prejudice, the threat that Princeps may file another suit against Google asserting the same rights still exists.

10.    The Court should not allow the threat of a future lawsuit against Google to cast a cloud

over Google's business, causing uncertainty for Google regarding the ongoing sale of its products.

11. Thus, there remains a substantial controversy between Google and Princeps having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of noninfringement.

**JURISDICTION AND VENUE**

12. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13. This Court has personal jurisdiction over Princeps at least because it has made sufficient contacts with the state of California, including this District, by purposefully directing its efforts to generate revenue from the '963 patent at residents of California.  For example, Princeps purposefully availed itself of the benefits of this District's jurisdiction by asserting the '963 patent against ASUS Computer International, one of the defendants in *Princeps v. ASUS*, which has its U.S. headquarters in Fremont, California.  *See Princeps v. ASUS*, No. 4:19-cv-04298-JSW (N.D. Cal. filed Jul. 26, 2019).  Moreover, Princeps filed multiple other lawsuits alleging that companies with a principal place of business in this District, including Google, infringe the '963 patent.  *See Princeps v. Google,* No. 1:19-cv-01102-CFC (D. Del. filed Jun. 14, 2019); *Princeps v. Samsung*, No. 1:19-cv-01103-CFC (D. Del. filed Jun. 14, 2019); *Princeps v. Apple*, No. 1:19-cv-01101-CFC (D. Del. filed Jun. 14, 2019).  Google maintains its headquarters in Mountain View, California.  Based on information and belief, Samsung Semiconductor, Inc. maintains its only regional office in the Western Hemisphere and a research and development center in San Jose, California.  Samsung, Regional Offices, https://www.samsung.com/semiconductor/about-us/location/regional-offices/ (last visited Oct. 11, 2019); Samsung, Research & Development, https://www.samsung.com/semiconductor/about-us/location/research-development/ (last visited Oct. 11, 2019).  Based on information and belief, Apple maintains its headquarters in Cupertino, California.

14. This Court has personal jurisdiction over Princeps at least because Google's claim relates to Princeps's activities in this District.  For example, Google maintains its headquarters and principal place of business in this District and Princeps alleged that Google committed acts of

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 6,703,963

4

CASE NO. 19-CV-6566

infringement here.  Moreover, Princeps filed a lawsuit in this District, voluntarily and purposefully availing itself of this Court's jurisdiction, asserting the patent at issue in this action against other devices that use the same operating system as the Google Accused Products.  *See Princeps v. ASUS*, No. 5:19-cv-04298-NC (N.D. Cal. Jul. 26, 2019).

15. It is fair and reasonable for this Court to exercise personal jurisdiction over Princeps because Princeps has already consented to litigating the '963 patent in this District by filing the Asus Complaint and because, among other things, witnesses and evidence concerning the Google Accused Products are located in this District.

16. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and 1391(c) because Princeps is subject to personal jurisdiction in this District and because a substantial part of the events giving rise to Google's declaratory judgment claim of non-infringement occurred in this District.  For example, the Google Accused Products are developed, sold, or offered for sale in this District.  Google seeks a declaration that does it not infringe the '963 patent.

17. For these reasons and the reasons set forth below, a substantial controversy exists between the parties, which is of sufficient immediacy and reality to warrant declaratory relief.

**INTRADISTRICT ASSIGNMENT**

18. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

**THE PATENT-IN-SUIT**

19. On March 9, 2004, the United States Patent and Trademark Office (the "Patent Office") issued the '963 patent, entitled "Universal Keyboard," to Timothy B. Higginson.  A true and correct copy of the '963 patent is attached as Exhibit A.  On information and belief, Defendant Princeps purports to own the '963 patent by assignment.

20. The '963 patent issued from U.S. Patent Application No. 10/247,065 ("the '065 Application") filed on September 19, 2002.

21. On June 20, 2003, the Patent Office rejected all claims in the '065 Application as either anticipated or obvious in view of the prior art.

22. In response to that rejection, the applicant amended claim 1 of the '065 Application to

require, among other things, that "the input keys and domain control are simultaneously presented by the input device." Ex. G, U.S. Patent Application No. 10/247,065 File History, November 18, 2003 Applicant Remarks to Office Action at 2.

23. Also in response to the Patent Office rejection, the applicant for the '065 Application argued that amended claim 1 was patentable over the prior art. In particular, the applicant stated:

> [I]n contrast to simultaneously presenting the input keys and domain (level) control, as recited in claims 1, 36, and 64, the Platte '949 patent discloses replacing a previously displayed set of input/level selection keys, including a selected input key that initiated displaying a next input key level, by a new set of input keys. Thus, even in the event that an input (e.g., PLAY) key in the Platte remote control device is considered the claimed 'domain control,' the selected 'domain control' disappears from the input interface when the new set of input keys are presented on the input interface. Therefore, Platte does not disclose *simultaneously presenting the input keys and the domain control* (that selects one of multiple domain levels) as recited in amended claim 64 as well as claims 1 and 36.

Ex. G at 15-16 (emphasis in original).

**COUNT 1 – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,703,963**

24. Google restates and incorporates by reference the allegations in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Princeps alleged in the Delaware Complaint that it "is the assignee and owner of the right, title and interest in and to the '963 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it." Ex. B ¶ 26. Also, the U.S. Patent Office database indicates that Princeps is the most recent assignee of the '963 patent. *See* Ex. C.

26. In the Delaware Complaint, Princeps accused Google of "directly infring[ing] at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell and/or importing information input devices such as Pixel phones with proprietary Google Apps and/or third-party Apps with keyboard functionalities and an operating system such as the Android operating system." Ex. B ¶ 27.

27. In the Delaware Complaint, Princeps accused Google of "induced [infringement] and continu[ing] to induce others to infringe at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners and customers, whose

use of the Accused Instrumentalities constitutes direct infringement of at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent." Ex. B ¶ 31.

28. In the Delaware Complaint, Princeps accused Google of "contributory infringe[ment] to at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States input device technology, such as the Android operating system, and/or the Google devices, such as the Pixel 3a smartphone, which are especially made or adapted for use in an infringement of the '963 patent. The Accused Instrumentalities are material components for use in practicing the '963 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use." Ex. B ¶ 33.

29. Google has not infringed and does not infringe at least claim 1 of the '963 patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through its making, use, importation into the United States, sale, and/or offer for sale of the Google Accused Products.

30. Claim 1 of the '963 patent is directed to:

> An information input device, comprising:
>
> a functional mode control for selecting a first functional mode of operation of multiple functional modes of operation by the input device;
>
> a domain control for selecting one of multiple domain levels within the first functional mode wherein each domain level is associated with a set of domain-level values;
>
> a plurality of input keys, separate and distinct from the domain control, assigned to the set of domain-level values associated with a selected domain level and functional mode, wherein each input key assigned to a domain-level value is associated with a signal, representative of the domain-level value, transmitted by the input device in response to actuation of the input key; and
>
> a function-specific display indicating a domain-level value associated with each input key for a currently selected functional mode and domain level combination, wherein the input keys and domain control are simultaneously presented by the input device.

Ex. A, '963 Pat. 13:28-49.

31. Google has not infringed and does not infringe at least claim 1 of the '963 patent because the Google Accused Products do not include every required claim limitation. For example,

claim 1 requires input keys that are "separate and distinct from the domain control" and "assigned to the set of domain-level values associated with a selected domain level." According to the claim chart that Princeps attached to the Delaware Complaint, the alleged "domain control(s)" in the Google Accused Products are the Globe and Emoji symbols appearing in the lower left area of the Gboard keyboard. Ex. H, *Princeps v. Google*, No. 1:19-cv-01102-CFC, D.I. 1-2 at 8 (D. Del. Jun. 14, 2019). Princeps's claim charts further allege that the characters on the Gboard keyboard are input keys. *Id.* at 9-10. In the Google Accused Products, however, the Gboard keyboard characters are not input keys that are separate and distinct from the Globe and Emoji symbols and assigned to a set of domain-level values as required by at least claim 1.

32. As another example, Google has not infringed and does not infringe at least claim 1 of the '963 patent because the Google Accused Products do not include a "function-specific display . . . wherein the input keys and domain control are simultaneously presented by the input device." Ex. A, '963 Pat. 13:28-49. To overcome the examiner's prior art rejections during prosecution, as explained above, the applicant amended claim 1 to require presenting the input keys and domain control simultaneously on the display and argued that the prior art did not disclose this limitation. Princeps alleged in the Delaware Complaint that the Globe and Emoji symbols appearing in the lower left area of the Gboard keyboard constitute "domain control(s)" and that the characters on the Gboard keyboard are input keys. Ex. H at 8. The Gboard keyboard characters are not input keys simultaneously displayed with the alleged associated domain control in the Accused Google Products as required by at least claim 1.

33. Accordingly, at least for the above reasons, the Google Accused Products do not include all the limitations of at least claim 1 of the '963 patent and Google has not infringed and does not infringe at least claim 1 of the '963 patent, either literally or under the doctrine of equivalents.

34. Google does not induce infringement of the '963 patent because, for at least the reasons stated above, use of the Google Accused Products does not directly infringe at least claim 1 of the '963 patent. Moreover, Google does not induce infringement of the '963 patent because it has not acted with the requisite specific intent to do so.

35. Google does not contributorily infringe at least claim 1 of the '963 patent because, for

at least the reasons stated above, the Google Accused Products do not include every limitation of at least claim 1 of the '963 patent.  Moreover, Google does not contributorily infringe at least claim 1 of the '963 patent because the Google Accused Products have substantial non-infringing uses, including, at least, inputting text using a QWERTY keyboard.

36. As set forth above, a substantial, immediate, and real controversy exists between Google and Princeps with respect to whether Google infringes the '963 patent.  Accordingly, Google desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '963 patent.

37. Google seeks a judgment declaring that Google and its products have not and do not directly infringe, induce others to infringe, or contribute to the infringement of any claim of the '963 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows:

a) Declaring that judgment be entered in favor of Google and against Princeps;

b) Declaring that Google and its products have not and do not infringe, either directly, contributorily, by inducement, or willfully, any claim of the '963 patent;

c) Enjoining Princeps from claiming that Google has infringed or is infringing either directly, contributorily, by inducement, or willfully, any claim of the '963 patent;

d) Finding that this is an exceptional case under 35 U.S.C. § 285;

e) Awarding Google its costs and attorneys' fees in connection with this action; and

f) Awarding Google such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Google demands a jury trial on all issues and claims so triable.

| | |
|---|---|
| Dated: October 11, 2019 | Respectfully submitted,<br><br>*/s/ John M. Desmarais*<br>John M. Desmarais<br><br>DESMARAIS LLP<br><br>John M. Desmarais (CA Bar No. 320875)<br>Emily H. Chen (CA Bar No. 302966)<br>101 California Street<br>San Francisco, CA 94111<br>T: (415) 573-1900<br>F: (415) 573-1901<br>jdesmarais@desmaraisllp.com<br>echen@desmaraisllp.com<br><br>Paul A. Bondor (to be admitted *pro hac vice*)<br>Steven M. Balcof (to be admitted *pro hac vice*)<br>Elizabeth Weyl (to be admitted *pro hac vice*)<br>230 Park Avenue<br>New York, NY 10169<br>T: 212-351-3400<br>F: 212-351-3401<br>pbondor@desmaraisllp.com<br>sbalcof@desmaraisllp.com<br>eweyl@desmaraisllp.com<br><br>*ATTORNEYS FOR PLAINTIFF GOOGLE LLC* |