# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCEPS INTERFACE TECHNOLOGIES LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 19-1102 (CFC) |
| GOOGLE LLC, | ) ) | |
| Defendant. | ) ) | |

**GOOGLE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF STANDING, OR IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S CLAIMS OF INDIRECT AND WILLFUL INFRINGEMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant Google LLC ("Google") respectfully moves this Court for an order dismissing Plaintiff Princeps Interface Technologies LLC's Complaint for lack of subject matter jurisdiction. In the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6), Google respectfully moves this Court for an order dismissing Princeps's claims for indirect and willful infringement for failure to state a claim upon which relief can be granted. Google has set forth the grounds for this Motion in the accompanying Brief in support filed contemporaneously herewith.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

John M. Desmarais
Paul A. Bonder
Steven M. Balcof
Elizabeth Weyl
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant Google LLC*

Emily Chen
DESMARAIS LLP
101 California Avenue
San Francisco, CA  94111
(415) 573-1900

September 6, 2019

Case 3:19-cv-06566-EMC Document 1-5 Filed 10/11/19 Page 4 of 29

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCEPS INTERFACE TECHNOLOGIES LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 19-1102 (CFC) |
| GOOGLE LLC, | ) ) |
| Defendant. | ) |

## [PROPOSED] ORDER

Having considered Defendant Google LLC's Motion to Dismiss Plaintiff's Complaint for

Lack of Standing, or in the Alternative, to Dismiss Plaintiff's Claims of Indirect and Willful

Infringement, and having fully considered the parties' respective arguments related thereto,

IT IS HEREBY ORDERED that Defendant's Motion is GRANTED.


SO ORDERED this _____ day of _____, 2019.


_____
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 6, 2019, upon the following in the manner indicated:

Timothy Devlin, Esquire                                          *VIA ELECTRONIC MAIL*
Patrick R. Delaney, Esquire
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiff*

/s/ *Brian P. Egan*

_____
Brian P. Egan (#6227)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCEPS INTERFACE TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1102 (CFC) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF GOOGLE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF STANDING, OR IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S CLAIMS OF INDIRECT AND WILLFUL INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

OF COUNSEL:

*Attorneys for Defendant Google LLC*

John M. Desmarais
Paul A. Bonder
Steven M. Balcof
Elizabeth Weyl
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

Emily Chen
DESMARAIS LLP
101 California Avenue
San Francisco, CA 94111
(415) 573-1900

September 6, 2019

### TABLE OF CONTENTS

Pages

INTRODUCTION ................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ..........................................................2

SUMMARY OF ARGUMENT ..........................................................................................2

STATEMENT OF FACTS ..................................................................................................3

    I.    Assignment History of the '963 Patent .................................................................3

    II.    The Subsequent Formation of Princeps and Filing of the Complaint ...................3

    III.    Princeps's Indirect Infringement Allegations ......................................................4

    IV.    Princeps's Willful Infringement Allegations .......................................................4

LEGAL STANDARDS .......................................................................................................5

    I.    IF A PLAINTIFF LACKS STANDING AT THE TIME A PATENT LAWSUIT IS FILED, THE CASE SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND ..........................................................................5

    II.    THE *TWOMBLY/IQBAL* PLEADING STANDARD .............................................6

ARGUMENT .......................................................................................................................6

    I.    THE COURT SHOULD DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND BECAUSE PRINCEPS LACKED INITIAL STANDING TO ASSERT THE PATENT-IN-SUIT. ...........................................6

    II.    THE COURT SHOULD DISMISS PRINCEPS'S INDIRECT INFRINGEMENT CLAIMS. ..................................................................................7

        A.    Princeps Fails to Allege Facts That Plausibly Establish Google's Pre-Suit Knowledge. ..........................................................................8

        B.    Princeps Fails To Allege Facts That Plausibly Establish that Google Possessed the Requisite Specific Intent to Induce Infringement .........................................................................................10

        C.    Princeps Fails to Allege Facts That Plausibly Demonstrate Contributory Infringement. ......................................................................11

    III.    THE COURT SHOULD DISMISS PRINCEPS'S WILLFUL INFRINGEMENT ALLEGATION. ...................................................................12

**Pages**

    A.    Princeps Does Not Plausibly Allege That Google Had Pre-suit Knowledge Of The '963 Patent. ...............................................................12

    B.    Princeps Does Not Plausibly Allege Willful Infringement........................14

CONCLUSION.....................................................................................................................15

## TABLE OF AUTHORITIES

Pages

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
 625 F.3d 1359 (Fed. Cir. 2010)................................................................5, 7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).............................................................................6, 10, 11

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 554 (2007)................................................................................6, 10

*Boeing Co. v. Comm'r of Patents and Trademarks*,
 853 F.2d 878 (Fed. Cir. 1988)...................................................................3

*Chestnut Hill Sound, Inc. v. Apple Inc.*,
 No. 15-261-RGA, D.I. No. 53 (D. Del. Feb. 29, 2016) .................................11

*Clarity Software, LLC v. Fin. Independence Grp., LLC*,
 51 F. Supp. 3d 577 (W.D. Pa. 2014)...........................................................7

*Clouding IP, LLC v. Google Inc.*,
 61 F. Supp. 3d 421 (D. Del. 2014)..............................................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
 135 S. Ct. 1920 (2015)...............................................................................8

*Deere & Co. v. AGCO Corp.*,
 No. CV 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019). ................12

*Enzo APA & Sons, Inc. v. Geapag A.G.*,
 134 F.3d 1090 (Fed. Cir. 1998)..................................................................6

*Gotha v. United States*,
 115 F.3d 176 (3d Cir. 1997)........................................................................5

*Gould Elec., Inc. v. United States*,
 220 F.3d 169 (3d Cir. 2000).........................................................................5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
 136 S. Ct. 1923, 1933 (2016).................................................................12, 14

*HSM Portfolio LLC v. Fujitsu Ltd.*,
 No. 11-770-RGA, 2012 WL 2580547 (D. Del. July 3, 2012) ..........................9

iii

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)...................................................................... 9, 10, 11

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
    311 F.3d 198 (3d Cir. 2002).............................................................................. 6

*In re Segno Commc'ns, Inc.*,
    264 B.R. 501 (Bankr. N.D. Ill. 2001) .............................................................. 3

*IOENGINE LLC v. Interactive Media Corp.*,
    No. 14-1571-GMS, 2017 WL 39563 (D. Del. Jan. 4, 2017) ............................ 7

*IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*,
    No. 16-134-GMS, 2017 WL 1312942 (D. Del. Apr. 5, 2017)......................... 10

*McRo, Inc. v. Rockstar Games, Inc.*,
    Nos. 12-1513, -1517, -1519, 2014 WL 1051527 (D. Del. Mar. 17, 2014)........ 9

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
    549 F.2d 884 (3d Cir. 1977).............................................................................. 5

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ...................... 9

*Princeps Interface Techs. LLC v. Apple Inc.*,
    No. 1:19-cv-01101-CFC, D.I. No. 1 (D. Del. June 14, 2019) ......................... 13

*Princeton Dig. Image Corp. v. Ubisoft Entm't SA*,
    No. 13-335-LPS, 2016 WL 6594076 (D. Del. Nov. 4, 2016)......................... 14

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
    402 F.3d 1198 (Fed. Cir. 2005)........................................................................ 5

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005).......................................................................... 5

*SIPCO, LLC v. Streetline, Inc.*,
    No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) .......................... 10

*Välinge Innovation AB v. Halstead New England Corp.*,
    No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) .............. 13

*Varian Med. Sys., Inc., v. Elekta AB*,
    No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016)......................... 14

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-966-CFC, 2019 WL 1349468 (D. Del. March 26, 2019) ..................... 12

**<u>Statutes</u>**

35 U.S.C. § 271 .......................................................................................................... 4, 11, 14

Del. Code Ann. tit. 6, § 18–201 (b) ............................................................................ 7

**<u>Rules</u>**

Fed. R. Civ. P. 12(b) ........................................................................................... 5, 6, 15

Fed. R. Civ. P. 8(a)(2) .................................................................................................. 6

## INTRODUCTION

Princeps Interface Technologies LLC's ("Princeps") lawsuit against Google LLC ("Google") suffers from a jurisdictional defect, which requires dismissal of the Complaint.  In addition, in the alternative, certain of Princeps's claims should be dismissed for failure to comply with required pleading standards.

The Court should dismiss the Complaint because Princeps lacked standing to assert the patent-in-suit, U.S. Patent No. 6,703,963 ("the '963 patent" or "the patent-in-suit").  Princeps claims to own the '963 patent.  (D.I. 1 ("Complaint" or "Compl.") at ¶ 26.)  The Patent Office records show that another entity attempted to transfer ownership rights in the '963 patent to Princeps on April 18, 2019.  Princeps, however, did not exist as a legal entity until May 9, 2019, when it was formed as a Delaware Limited Liability Company ("LLC").  Any assignment purporting to convey rights to a non-existent entity is ineffective; accordingly, at the time it filed suit, Princeps did not own the patent rights it seeks to assert.  That jurisdictional defect cannot be cured.  Thus, the Court should dismiss the Complaint without leave to amend.

In addition, if there were standing, Princeps's indirect infringement claims are deficient as a matter of law and should be dismissed.  With regard to indirect infringement, Princeps failed to sufficiently allege facts that plausibly establish pre-suit knowledge, the requisite specific intent to induce infringement, or contributory infringement.

Likewise, Princeps's willfulness allegation, which amounts to a single sentence, cannot support a willfulness claim as a matter of law, and the Court should dismiss that claim.  First, Princeps's willfulness allegation does not even mention Google—instead, it is directed at Apple, which is not a party to this litigation.  Furthermore, even if Princeps's allegation were directed to the correct party, it amounts to nothing more than a conclusory statement that is unsupported by facts that plausibly establish presuit knowledge of the patent, let alone willful infringement.

## NATURE AND STAGE OF THE PROCEEDINGS

On June 14, 2019, Princeps filed its complaint against Google and Alphabet Inc., alleging infringement of the '963 patent under 35 U.S.C. § 271(a)–(c).  (Compl.)  On August 26, 2019, the Court approved a stipulation to dismiss Alphabet Inc., leaving Google as the sole defendant in this case.  (D.I. 12.)  Google now moves to dismiss Princeps's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Google also moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Princeps's claims for indirect and willful infringement for failure to state a claim upon which relief can be granted.

## SUMMARY OF ARGUMENT

1.      The Court should dismiss the Complaint because Princeps lacked initial standing to assert the '963 patent.  The '963 patent was purportedly assigned to Princeps on April 18, 2019.  Yet Princeps, a Delaware LLC, did not exist until May 9, 2019, when its formation papers were filed with the Delaware Secretary of State.  *See* Del. Code Ann. tit. 6, § 18–201(b).  Because the '963 patent was purportedly assigned to Princeps **before** it was formed, the assignment is ineffective.  As a result, Princeps never received the rights it seeks to assert against Google and it lacked standing to file this lawsuit.

2.      If the Court does not dismiss for lack of standing, it should dismiss Princeps's indirect infringement claims because Princeps fails to allege facts that plausibly establish (1) Google's pre-suit knowledge of the patent-in-suit or infringement thereof; (2) Google's specific intent to induce infringement; or (3) contributory infringement by Google.

3.      The Court should dismiss Princeps's willfulness allegation because Princeps does not allege that Google had pre-suit knowledge of the patent-in-suit and the allegation is otherwise inadequate under the *Twombly/Iqbal* standard.

## STATEMENT OF FACTS

### I.    Assignment History of the '963 Patent

The '963 patent has been the subject of two purported assignments.  First, in 2004, before the patent issued, Timothy Higginson, the sole named inventor, assigned the rights to the '963 patent to his company, Yuvee, Inc. ("Yuvee").    Balcof Decl. Ex. A.[1]    Yuvee was involuntarily dissolved by the Illinois Secretary of State in March 2018.[2]  Balcof Decl. Ex. B. Then on April 18, 2019, about a year after it legally ceased to exist, Yuvee attempted to assign the '963 patent to Princeps.  Balcof Decl. Ex. C.  Thus, on the date they attempted to transfer the patent rights, neither Yuvee nor Princeps (the purported assignee) existed, as explained below. Indeed, the purported assignment agreement filed with the Patent Office lacks the signature of any duly authorized representative of Princeps.  *Id.*

### II.    The Subsequent Formation of Princeps and Filing of the Complaint

Princeps was formed on May 9, 2019, when Timothy Devlin, who represents Princeps in this case, signed and filed its Certificate of Formation of Limited Liability Company with the Delaware Secretary of State.  Balcof Decl. Ex. D.  The State of Delaware assigned Princeps a formation date the same day.  Balcof Decl. Ex. E.  Five weeks later, Mr. Devlin filed this lawsuit against Google, alleging infringement of the '963 patent.  (Compl. at 1.)

---

[1] All citations to "Balcof Decl." refer to the Declaration Of Steven M. Balcof Filed In Support Of Google's Motion to Dismiss Plaintiff's Complaint for Lack of Standing, Or In The Alternative, To Dismiss Plaintiff's Claims Of Indirect And Willful Infringement.

[2] All corporate formalities must be observed during the wind-up period for dissolved corporations.  *See, e.g.*, *In re Segno Commc'ns, Inc*., 264 B.R. 501, 508 (Bankr. N.D. Ill. 2001). If Yuvee, Inc. did not observe corporate formalities in the assignment of the '963 patent, the April 18, 2019 assignment to Princeps may also be defective on those grounds.  Discovery is needed before Google can ascertain any additional standing defects, and Google accordingly reserves its right to challenge Princeps's standing on any additional grounds.  *Boeing Co. v. Comm'r of Patents and Trademarks*, 853 F.2d 878, 881 (Fed. Cir. 1988) ("The issue of standing calls into question the power of the court to hear and decide a case, and it is impossible for a party to waive this requirement.").

### III.     Princeps's Indirect Infringement Allegations

With respect to inducement under 35 U.S.C. § 271(b), Princeps alleges:

31. Upon information and belief, since at least the time of receiving this Complaint, [Google has] induced and continue[s] to induce others to infringe at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to [Google's] partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent.

32. In particular, [Google's] actions that aid and abet others such as [its] partners and customers to infringe include distributing the Accused Instrumentalities and providing instructional materials and/or services related to the Accused Instrumentalities. On information and belief, [Google has] engaged in such actions with specific intent to cause infringement and with willful blindness to the resulting infringement because [Google has] had actual knowledge of the '963 patent and that its acts were inducing infringement of the '963 patent since at least the time of receiving this Complaint.

(Compl. ¶¶ 31–32) (emphasis added).

With regard to contributory infringement under 35 U.S.C. § 271(c), Princeps alleges:

33. Upon information and belief, [Google is] liable as a contributory infringer to at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States input device technology, such as the Android operating system, and/or the Google devices, such as the Pixel 3a smartphone, which are especially made or adapted for use in an infringement of the '963 patent. The Accused Instrumentalities are material components for use in practicing the '963 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

(*Id.* ¶ 33.)

### IV.     Princeps's Willful Infringement Allegations

With regard to willful infringement, Princeps's entire allegation is the following:

On information and belief, since at least the time it received notice by this Complaint, Apple's [sic] infringement has been and continues to be willful.

(*Id.* ¶ 35.)

**LEGAL STANDARDS**

## I.   IF A PLAINTIFF LACKS STANDING AT THE TIME A PATENT LAWSUIT IS FILED, THE CASE SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

A patent plaintiff must have standing "at the time the suit is brought"—that is, initial standing. *Clouding IP, LLC v. Google Inc.*, 61 F. Supp. 3d 421, 428 (D. Del. 2014) (quoting *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975–76 (Fed. Cir. 2005)). If the plaintiff lacks initial standing, the Court does not have subject matter jurisdiction over that plaintiff's claims. *See Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Because standing is a predicate for subject matter jurisdiction, dismissal for lack of standing is appropriate under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. *See Gould*, 220 F.3d at 176. In reviewing a factual challenge to subject matter jurisdiction, like Google's 12(b)(1) motion here, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to those allegations. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction is challenged, it is the plaintiff's burden to prove that jurisdiction exists. *See Mortensen*, 549 F.2d at 891.

If a plaintiff is found to lack initial standing, "the jurisdictional defect cannot be cured." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (quoting *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005)). A plaintiff cannot cure that particular defect by amending its complaint because "[initial standing] is assessed at the time of the original complaint." *Schreiber*, 402 F.3d at 1203 n.3. Furthermore,

the Federal Circuit has held that a *nunc pro tunc* (i.e., "now for then") patent assignment will not cure a lack of initial standing. *See Enzo APA & Sons, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). Thus, where a plaintiff is found to lack initial standing, the complaint must be dismissed, and dismissed without leave to amend.

## II.    THE *TWOMBLY/IQBAL* PLEADING STANDARD

A pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply, a plaintiff must set forth factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining a claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "[C]ourts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Claims that do not satisfy this requirement should be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

## I.    THE COURT SHOULD DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND BECAUSE PRINCEPS LACKED INITIAL STANDING TO ASSERT THE PATENT-IN-SUIT.

The '963 patent was not legally assigned to Princeps. Thus, Princeps lacked initial standing to file this lawsuit. The purported assignment of the '963 patent from Yuvee to

Princeps is dated April 18, 2019.  *See* Balcof Decl. Exs. D, E.  That attempt was ineffective, however.  Yuvee had already been involuntarily dissolved by the Illinois Secretary of State more than a year earlier, in March 2018.  Balcof Decl. Ex. B.  Moreover, Princeps did not yet exist on that date.  Indeed, the purported assignment agreement filed with the Patent Office lacks any signature from any duly authorized representative of Princeps.  Balcof Decl. Ex. C.  Princeps is a Delaware LLC.  Under Delaware law, Princeps was not recognized as a legal entity until May 9, 2019, when its certificate of formation was filed with the Delaware Secretary of State.  *See IOENGINE LLC v. Interactive Media Corp.*, No. 14-1571-GMS, 2017 WL 39563, *4 (D. Del. Jan. 4, 2017); *see also* Del. Code Ann. tit. 6, § 18–201(b).  Because a patent cannot be assigned to an entity that does not exist, the attempted assignment of the patent-in-suit to Princeps on April 18, 2019 was ineffective.

Because ownership of the '963 patent was never transferred to Princeps, it lacked standing to file this lawsuit against Google.  *See IOENGINE LLC v. Interactive Media Corp.*, No. 14-1571-GMS, 2017 WL 39563, at *4 (D. Del. Jan. 4, 2017); *cf. Clarity Software, LLC v. Fin. Independence Grp., LLC*, 51 F. Supp. 3d 577, 588 (W.D. Pa. 2014).  Princeps's lack of initial standing is an incurable jurisdictional defect.  Thus, the Court should dismiss this Complaint without leave to amend.  *See Abraxis Bioscience, Inc.,* 625 F.3d at 1364.

## II.    THE COURT SHOULD DISMISS PRINCEPS'S INDIRECT INFRINGEMENT CLAIMS.

If the Court does not dismiss the Complaint for lack of standing, it should dismiss Princeps's inducement and contributory infringement claims for three reasons.  ***First***, Princeps does not plead a plausible allegation that Google had pre-suit knowledge of the '963 patent or of any alleged infringement, so its claim for past indirect infringement must fail.  ***Second***, Princeps's induced infringement claim lacks facts that would plausibly show the requisite

specific intent to induce infringement.  **Third**, Princeps's contributory infringement claim is a
formulaic recitation of claim elements, which is therefore deficient as pled.

### A.     Princeps Fails to Allege Facts That Plausibly Establish Google's Pre-Suit Knowledge.

To support a claim for induced or contributory infringement, a patentee must demonstrate
that an accused infringer knew of the patent-in-suit, knew that the induced acts constitute patent
infringement (for inducement), and knew that the combination for which his component was
especially designed was both patented and infringing (for contributory infringement).  *Commil
USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) ("[L]iability for inducing
infringement attaches only if the defendant knew of the patent and that the induced acts
constitute infringement. . . . Like induced infringement, contributory infringement requires
knowledge of the patent in suit and knowledge of patent infringement.").  To plead past indirect
infringement, a patent owner must allege facts that plausibly establish the defendant's pre-suit
knowledge of both the patent-in-suit and the underlying direct infringement.  *See id.*  None of
Princeps's allegations supports inferring pre-suit knowledge of the '963 patent or of the alleged
infringement.  (*See* Compl. ¶¶ 31–33.)

Princeps does not set forth a single fact demonstrating that Google had pre-suit
knowledge of the patent-in-suit.  The Complaint alleges only that Google has "had actual
knowledge of the '963 patent . . . since **at least** the time of receiving this Complaint."  (*Id.* ¶ 32
(emphasis added).)  But despite its use of the phrase "at least," Princeps does not allege that
Google could have had pre-suit knowledge of the patent-in-suit.  Thus, there is no plausible
claim for past indirect infringement.  *See Commil*, 135 S. Ct. at 1926.

With regard to inducement, Princeps alleges only the following:

[Google's] actions that aid and abet others such as [its] partners and customers to
infringe include distributing the Accused Instrumentalities and providing

8

> instructional materials and/or services related to the Accused Instrumentalities.
> On information and belief, [Google has] engaged in such actions with specific
> intent to cause infringement and with willful blindness to the resulting
> infringement because [Google has] had actual knowledge of the '963 patent and
> that its acts were inducing infringement of the '963 patent *since at least the time
> of receiving this Complaint*.

(*Id.* ¶¶ 31, 32 (emphasis added).)   With regard to contributory infringement, Princeps is

completely silent as to Google's knowledge of the infringement to which it is purportedly

contributing.  (Compl. ¶ 33.)

Courts in this district have repeatedly found indirect infringement allegations of this

nature to be deficient.  For example, in *McRo, Inc. v. Rockstar Games, Inc.*, another court in this

District found allegations that "[the defendant] actively, knowingly, and intentionally induced,

and continues to actively, knowing, and intentionally induce, infringement of the [patent-in-

suit]," and acted "with knowledge that its game developers will use the methods claimed in the

[patent-in-suit]" and "with the knowledge and the specific intent to encourage and facilitate those

infringing uses of the aforementioned software processes," were insufficient to plead knowledge

of infringement for inducement purposes.  *McRo, Inc. v. Rockstar Games, Inc.*, Nos. 12-1513, -

1517, -1519, 2014 WL 1051527, at *4–6 (D. Del. Mar. 17, 2014), report and recommendation

adopted, Nos. 12-1513, -1517, -1519, 2014 WL 1677366 (D. Del. Apr. 24, 2014); *see also*

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.,* No. 13-2052-LPS, 2014 WL 4675316, at *3–4,

*7 (D. Del. Sept. 19, 2014); *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770-RGA, 2012 WL

2580547, at *1 (D. Del. July 3, 2012).

For those reasons, Princeps's pre-suit claims for inducement and contributory

infringement should be dismissed.

**B.** **Princeps Fails To Allege Facts That Plausibly Establish that Google Possessed the Requisite Specific Intent to Induce Infringement.**

To sufficiently plead inducement under *Twombly/Iqbal*, a patent owner must allege "facts plausibly showing that [Defendant] specifically intended [its] customers to infringe the [asserted patent] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

A "formulaic recitation" of the elements of an inducement claim, like those in Princeps's Complaint, do not satisfy that standard. *See id.* at 1346 (quoting *Twombly*, 550 U.S. at 545); *see also SIPCO, LLC* v. *Streetline, Inc.*, No. 16-830-RGA, 2018 WL 762335 at *2 (D. Del. Feb. 7, 2018). For example, Princeps alleges that Google induces the infringement of its "partners and customers" but does not explain what instructions Google allegedly provided to those third parties (*see, e.g.*, Compl. ¶¶ 31–32) to induce their infringement. In *IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*, another court in this district dismissed similar claims. No. 16-134-GMS, 2017 WL 1312942, at *4 (D. Del. Apr. 5, 2017). There, the court determined that the "patent owner failed to adequately allege how [Defendant] provided technical support services or detailed instructions promoting the use of the [accused products] in an infringing manner." Princeps also alleges, without elaboration, that Google "aid[s] and abet[s] others" to directly infringe. (*See, e.g.*, Compl. ¶¶ 31–32.) Although Princeps alleges that Google provided aid, instructional materials, and services, and that Google distributed the accused products; the Complaint is silent as to ***how*** any of those alleged activities encouraged customers to infringe and fails to demonstrate that Google had specific intent to induce its customers' acts. (*E.g. id.*)

At bottom, Princeps's allegations are a mere recitation of the required elements for an induced infringement claim. Such "'naked assertion[s]' devoid of 'further factual enhancement'" should be disregarded when assessing a claim's sufficiency. *Iqbal*, 556 U.S.

10

at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Accordingly, the Court

should dismiss Princeps's inducement claim.

### C.    Princeps Fails to Allege Facts That Plausibly Demonstrate Contributory Infringement.

To sufficiently plead contributory infringement under *Twombly/Iqbal*, a patent owner

must plead facts that allow an inference that the defendant sells or offers to sell "a material or

apparatus for use in practicing a patented process, and that 'material or apparatus' is material to

practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be

especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of

Lading*, 681 F.3d at 1337; 35 U.S.C. § 271(c).  Princeps's contributory infringement allegation

formulaically recites the requisite elements without any factual enhancement.  (*See* Compl. ¶ 33.)

Empty formulaic allegations are insufficient to sustain a claim under *Twombly/Iqbal*.  *See, e.g.*,

*Twombly*, 550 U.S. at 555; *Chestnut Hill Sound, Inc. v. Apple Inc.*, No. 15-261-RGA, D.I. No. 53

(D. Del. Feb. 29, 2016) ("I agree that the claim of contributory infringement is 'formulaic,' and I

will therefore GRANT the motion [to dismiss].").  Princeps asserts that the accused products "are

material components for use in practicing the '963 patent," are "especially made or adapted for

use in an infringement of the '963 patent," and "are not a staple article of commerce suitable for

substantial non-infringing use."  (Compl. ¶ 33.)  But Princeps does not allege any facts in support

of those conclusory assertions.  For example, Princeps never explains how Google allegedly

knows that the accused products are "especially made or adapted for use in an infringement of

the '963 patent."  That defect is particularly glaring given Princeps's admission that a QWERTY

keyboard is prior art to the patent (*see* Compl. ¶ 16) and the fact that the accused Google

products appear to merely use that prior art technology (e.g., "a traditional two-handed

QWERTY" (*id.*)).  (*See* Compl., Ex. A-1 at 8, 9, 11–13 (pointing to QWERTY keyboards on accused Google products).)

A plaintiff that fails to "plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing uses" does not satisfy the pleading standard. *In re Bill of Lading*, 681 F.3d at 1337.  Indeed, this Court has held that a plaintiff's "failure to allege that [the accused] products (i.e., components) have no substantial noninfringing use nullifies its claims for contributory infringement." *Deere & Co. v. AGCO Corp.*, No. CV 18-827-CFC, 2019 WL 668492, at *8 (D. Del. Feb. 19, 2019).  Here, Princeps alleges that "the Android operating system, and/or the Google devices, such as the Pixel 3a smartphone," are components of patented combinations.  (Compl. ¶ 33.)  However, the accused components do not have to be used in combination with each other, and Princeps never alleges that each component has no substantial noninfringing use.  If anything, the only fair inference to be drawn is that the accused Google products do indeed have "substantial noninfringing use[s]."  Because Princeps's contributory infringement claim is based only on boilerplate assertions, that claim should be dismissed.

### III.      THE COURT SHOULD DISMISS PRINCEPS'S WILLFUL INFRINGEMENT ALLEGATION.

#### A.      Princeps Does Not Plausibly Allege That Google Had Pre-Suit Knowledge Of The '963 Patent.

A threshold requirement for all willful infringement claims is that the alleged infringer knew of the patent and of the alleged infringement.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016) ("[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct.").  Pre-suit knowledge is indispensable to Princeps's willfulness claim, yet as discussed above (*see supra* Section II.A), Princeps does not plausibly allege that Google knew of the '963 patent before it received the Complaint.

12

Because Princeps has not adequately pled knowledge prior to the filing of the Complaint, Princeps's willfulness allegation should be dismissed.  *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. March 26, 2019).  This Court has previously held that the filing of a complaint is not enough to satisfy the knowledge requirement for willful infringement.  *Id.*  In *VLSI Tech.*, the patent owner alleged only that the "[defendant] had knowledge of the [asserted patent] at least since the filing of this complaint . . ." *Id.*  "[T]he complaint itself cannot serve as the basis for a defendant's actionable knowledge" because "[t]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *Id.*  Thus, this Court dismissed the plaintiff's claim for enhanced damages due to alleged willful infringement.  *Id.*

Because Princeps has not plausibly alleged that Google had knowledge of the '963 patent or its alleged infringement prior to receiving the Complaint, the Court[3] should hold that Princeps cannot be said to have adequately stated a claim for willfulness.  *See VLSI Tech.*, 2019 WL 1349468 at *2; *Välinge*, 2018 WL 2411218, at *11 n.15.  For that reason, the Court should strike the entirety of Princeps's willfulness allegation.

---

[3] As this Court recognized in *VLSI*, "[c]ourts are split . . . on whether post-suit knowledge of a patent can alone suffice to make out a claim of willful infringement." *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *9 (D. Del. May 29, 2018).  Indeed, courts within the District of Delaware have disagreed on that issue. *Compare VLSI Tech.*, 2019 WL 1349468 at *2 ("the complaint itself cannot serve as the basis for a defendant's actionable knowledge"), *with Välinge*, 2018 WL 2411218, at *12 ("In order to survive a motion to dismiss, then, the allegations regarding willful infringement must simply render it plausible that this type of conduct has occurred as of the date of the filing of the claim.").  The Federal Circuit has not yet resolved the split amongst district courts.  To the extent this Court does not dismiss Princeps's willfulness allegation in its entirety, Google requests that it, at a minimum, dismiss Princeps's willfulness allegation with respect to pre-suit willfulness.

### B.      Princeps Does Not Plausibly Allege Willful Infringement.

Princeps's willful infringement allegation is a single, conclusory sentence: "On information and belief, since at least the time it received notice by this Complaint, Apple's [sic] infringement has been and continues to be willful." (Compl. ¶ 35.)  That allegation—Princeps's only mention of willfulness—is directed to Apple, not Google.[4]  (*Id.*)  Based on that fact alone, the Court should dismiss Princeps's willful infringement allegation because it does not allege anything with respect to Google.

Even assuming that Princeps meant to allege that Google—not Apple—"has been and continues to be willful," its allegation is deficient.  In *Halo*, the Supreme Court explained that "Section 284 . . . limit[s] the award of enhanced damages to egregious cases of misconduct beyond typical infringement."  136 S. Ct. at 1933.  Courts in this district have dismissed willfulness claims that fail to distinguish the allegedly accused conduct from typical infringement and that fail to plausibly allege an egregious case of infringement.  *See, e.g.*, *Princeton Dig. Image Corp. v. Ubisoft Entm't SA*,  No. 13-335-LPS, 2016 WL 6594076, at *11– 12 (D. Del. Nov. 4, 2016) (dismissing willfulness claim where the complaint did not sufficiently articulate how the defendant's "actions during a short, three-month period of time amount[ed] to an 'egregious' case of infringement of the patent"); *Varian Med. Sys., Inc., v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772 at *8 (D. Del. July 12, 2016), *report and recommendation adopted*, No. CV 15-871-LPS, 2016 WL 9307500 (D. Del. Dec. 22, 2016) (dismissing claims because the complaint did not sufficiently articulate how "making, using or offering for sale [the accused products] actually amount[s] to an egregious case of infringement.").

---

[4] Princeps asserted the '963 patent against Apple on the same day it sued Google.  Complaint for Patent Infringement, *Princeps Interface Techs. LLC v. Apple Inc.*, No. 1:19-cv-01101-CFC, D.I. No. 1 (D. Del. June 14, 2019).  Princeps's carelessness in copying and pasting from its complaint against Apple is not a basis for its willfulness claim against Google.

Princeps does not set forth any facts that show that Google's alleged infringement of the '963 patent was known, let alone egregious.  (*See* Compl. ¶ 27 ("Upon information and belief, the Defendants have directly infringed and continue to directly infringe at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell and/or importing. . . ."); ¶ 31 ("Upon information and belief . . . Defendants have induced and continue to induce others to infringe at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe. . . ."); ¶ 33 ("Upon information and belief, Defendants are both liable as a contributory infringer to at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States input device technology . . . which are especially made or adapted for use in an infringement of the '963 patent . . . .[and] are material components for use in practicing the '963 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.").)

Princeps's willfulness allegation plainly does not meet the *Twombly/Iqbal* standard and the Court should dismiss it.

## CONCLUSION

Google respectfully requests that this Court grant Google's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and dismiss the Complaint in its entirety, without leave to amend.  In the alternative, Google requests that this Court dismiss the indirect and willful infringement allegations under Fed. R. Civ. P. 12(b)(6).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

John M. Desmarais
Paul A. Bonder
Steven M. Balcof
Elizabeth Weyl
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400

Emily Chen
DESMARAIS LLP
101 California Avenue
San Francisco, CA  94111
(415) 573-1900

September 6, 2019

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 6, 2019, upon the following in the manner indicated:

Timothy Devlin, Esquire                                         *VIA ELECTRONIC MAIL*
Patrick R. Delaney, Esquire
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiff*


                                        */s/ Brian P. Egan*
                                        _____
                                        Brian P. Egan (#6227)