DESMARAIS LLP
John M. Desmarais (CA Bar No. 320875)
Emily H. Chen (CA Bar No. 302966)
101 California Street
San Francisco, California 94111
T: (415) 573-1900
F: (415) 573-1901
jdesmarais@desmaraisllp.com
echen@desmaraisllp.com

Paul A. Bondor (admitted *pro hac vice*)
Steven M. Balcof (admitted *pro hac vice*)
Elizabeth Weyl (admitted *pro hac vice*)
230 Park Avenue
New York, New York 10169
T: 212-351-3400
F: 212-351-3401
pbondor@desmaraisllp.com
sbalcof@desmaraisllp.com
eweyl@desmaraisllp.com

*Counsel for Plaintiff, Counterclaim-Defendant Google LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRINCEPS INTERFACE TECHNOLOGIES LLC and PRINCEPS SECUNDUS LLC<br><br>　　　　　Defendants.<br><br>PRINCEPS SECUNDUS LLC,<br><br>　　　　　Counter-Claimant,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Counter-Defendant. | Case No. 3:19-cv-6566-EMC<br><br>**GOOGLE'S MOTION TO DISMISS PRINCEPS SECUNDUS LLC'S COUNTERCLAIMS OF WILLFUL AND INDIRECT INFRINGEMENT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>JURY TRIAL DEMANDED<br><br>Date: March 12, 2020<br>Time: 1:30 p.m.<br>Ctrm: Courtroom 5, 17th Floor<br>　　　450 Golden Gate Avenue<br>　　　San Francisco, CA 94102<br>Judge: Hon. Edward M. Chen |

**NOTICE OF THE MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 12, 2020 at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-titled court, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 5, 17th Floor, before the Honorable Edward M. Chen, Plaintiff and Counterclaim-Defendant Google will and hereby does move to dismiss the counterclaims of willful and indirect infringement of Princeps Secundus LLC (D.I. 48 ("Princeps's Compl.")) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**RELIEF SOUGHT**

Google respectfully requests that this Court grant Google's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and dismiss Princeps Secundus LLC's indirect and willful infringement allegations pertaining to U.S. Patent No. 6,703,963 ("'963 patent" or "patent-in-suit") in their entirety.

# TABLE OF CONTENTS

NOTICE OF THE MOTION TO DISMISS ................................................................................... ii

RELIEF SOUGHT ......................................................................................................................... ii

TABLE OF CONTENTS ............................................................................................................... iii

TABLE OF AUTHORITIES ......................................................................................................... iv

INTRODUCTION ...........................................................................................................................2

STATEMENT OF THE ISSUES TO BE DECIDED .....................................................................2

STATEMENT OF FACTS ..............................................................................................................2

I. THE FORMATION OF PRINCEPS AND FILING OF THE DELAWARE COMPLAINT AND NORTHERN DISTRICT OF CALIFORNIA COUNTERCLAIMS ........................................................................................................2

II. PRINCEPS'S WILLFUL INFRINGEMENT ALLEGATION ..........................................3

III. PRINCEPS'S INDIRECT INFRINGEMENT ALLEGATIONS .......................................4

THE TWOMBLY/IQBAL LEGAL STANDARD ...........................................................................4

ARGUMENT ...................................................................................................................................5

I. THE COURT SHOULD DISMISS PRINCEPS'S WILLFUL INFRINGEMENT CLAIM ................................................................................................................................5

    A. Princeps Does Not Plausibly Allege That Google's Conduct Amounted to "Egregious" Infringement. .......................................................................................5

        1. Princeps's Conclusory One-Sentence Allegation Is Insufficient. ................6

        2. Google's Actions in Seeking Declaratory Judgment of Noninfringement Makes Its Conduct Anything but "Egregious." ...............8

II. THE COURT SHOULD DISMISS PRINCEPS'S INDIRECT INFRINGEMENT CLAIMS ...............................................................................................................................9

    A. Princeps Fails to Allege Facts That Plausibly Establish That Google Possessed the Requisite Specific Intent to Induce Infringement. ..........................10

    B. Princeps Fails to Allege Facts That Plausibly Demonstrate Contributory Infringement. ..........................................................................................................11

CONCLUSION ..............................................................................................................................13

**TABLE OF AUTHORITIES**

**CASES**

*Apple Inc. v. Princeps Interface Techs. LLC*,
    No. 3:19-cv-6352-EMC (N.D. Cal. Jan. 8, 2020) ............................................................. 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................... 5, 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... passim

*CAP Co. v. McAfee, Inc.*,
    No. 14-cv-05068, 2015 WL 3945875 (N.D. Cal. June 26, 2015) ................................ 10, 11

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015) ....................................................................................................... 9

*Conservation Force v. Salazar*,
    646 F.3d 1240 (9th Cir. 2011) ............................................................................................ 4

*Dorman Prods., Inc. v. Paccar, Inc.*,
    201 F. Supp. 3d 663 (E.D. Pa. 2016) ................................................................................. 8

*Finjan, Inc. v. Cisco Sys. Inc.*,
    No. 17-CV-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ............................... 6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ........................................................................................................... 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) .................................................................................................... 5, 9

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ..................... 7, 8, 11

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ............................................................................. 10, 12, 13

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ............................................................................................ 4

*Johnstech Int'l Corp. v. JF Tech. Berhad*,
    14-CV-02864-JD, 2015 WL 2062223 (N.D. Cal. May 1, 2015), *aff'd sub nom.
    Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 773 Fed. Appx. 623 (Fed.
    Cir. 2019) .......................................................................................................................... 11

*Logic Devices, Inc. v. Apple, Inc.*,
    No. C 13-02943 WHA, 2014 WL 60056 (N.D. Cal. Jan. 7, 2014) ..................................... 6

*Nanosys, Inc. v. QD Vision, Inc.*,
    No. 16-CV-01957-YGR, 2016 WL 4943006 (N.D. Cal. Sept. 16, 2016) ......................... 13

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ...........................................................................................4

*Princeps Interface Techs. LLC v. Alphabet Inc. and Google LLC*,
   No. 1:19-cv-01102-CFC (D. Del. June 14, 2019) ..........................................................2, 3

*Princeps Secundus LLC v. AsusTEK Comput. Inc.*,
   No. 5:20-cv-00205 (N.D. Cal. Jan. 9, 2020) ..................................................................10

*Princeps Secundus LLC v. Motorola Mobility LLC*,
   No. 1:20-cv-00318 (N.D. Ill. Jan. 15, 2020) ..................................................................10

*Princeps Secundus LLC v. Samsung Elecs. Co., Ltd.*,
   No. 5:20-cv-00201 (N.D. Cal. Jan. 8, 2020) ..................................................................10

*Slot Speaker Techs., Inc. v. Apple, Inc.*,
   No. 13-CV-01161-HSG, 2017 WL 4354999 (N.D. Cal. Sept. 29, 2017) ....................6, 8, 9

*Straight Path IP Grp., Inc. v. Apple Inc.*,
   No. C 16-03582 WHA, 2017 WL 3967864 (N.D. Cal. Sept. 9, 2017) ...............................6

*Uniloc USA, Inc. v. Logitech, Inc.*,
   No. 18-CV-01304-LHK, 2018 WL 6025597 (N.D. Cal. Nov. 17, 2018) ....................11, 13

**STATUTES**

35 U.S.C. § 271(a) .......................................................................................................................7

35 U.S.C. § 271(b) ...................................................................................................................4, 7

35 U.S.C. § 271(c) ..............................................................................................................4, 7, 12

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................... ii, 3, 13

**INTRODUCTION**

This is the second time Princeps's claims are the subject of a motion to dismiss. Princeps Interface Technologies LLC ("Princeps I") brought nearly identical claims in Delaware, alleging that Google has indirectly and willfully infringed the '963 patent. Google moved to dismiss those claims, pointing out their insufficiencies, and Princeps I dismissed its claims voluntarily without even responding. Now Princeps Secundus LLC ("Princeps II"), an alter ego of Princeps I, has recycled the claims from the Delaware complaint but has failed to address their shortcomings. Accordingly, for the reasons stated below, the Court should grant Google's motion to dismiss.

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether the Court should dismiss all willful infringement claims because Princeps provides no factual allegations sufficient to support a claim of willful infringement, and the pleadings confirm that Google's actions cannot support a claim of willful infringement.

2. Whether the Court should dismiss all indirect infringement claims because (1) the Complaint lacks factual allegations that could plausibly demonstrate specific intent to induce infringement and (2) Princeps's contributory infringement claims consist solely of formulaic recitations of claim elements, which are insufficient as a matter of law.

**STATEMENT OF FACTS**

**I.   THE FORMATION OF PRINCEPS AND FILING OF THE DELAWARE COMPLAINT AND NORTHERN DISTRICT OF CALIFORNIA COUNTERCLAIMS**

Princeps I was formed on May 9, 2019, when Timothy Devlin, who represents Princeps I and II in this case, signed and filed Princeps I's Certificate of Formation of Limited Liability Company with the Delaware Secretary of State. (D.I. 38-9.) Five weeks later, on June 14, 2019, Princeps I filed a Complaint in Delaware against Google LLC ("Google") for infringement of the '963 patent under 35 U.S.C. § 271(a)-(c). *Princeps Interface Techs. LLC v. Alphabet Inc. and Google LLC*, No. 1:19-cv-01102-CFC (D. Del. June 14, 2019) ("Delaware Complaint" or "Delaware Compl.") (D.I. 38-2). Google moved to dismiss Princeps I's complaint for lack of standing and failure to state a claim upon

which relief could be granted.[1]  Instead of opposing Google's motion, Princeps I dismissed its complaint without prejudice under Rule 41(a)(1) on October 4, 2019. (D.I. 1 ¶ 10.)  Because Princeps I had voluntarily dismissed its complaint without prejudice, Google reasonably anticipated that Princeps I would accuse Google of infringement again.  Because Google does not infringe the '963 patent, Google filed this action seeking a declaratory judgment of noninfringement on October 11, 2019. (D.I. 1; *see also* D.I. 38 ("Google Am. Compl.").)

Princeps II was incorporated in Delaware on September 30, 2019, just days before Princeps I voluntarily dismissed its Delaware Complaint without prejudice.  In late November 2019, Yuvee, Inc., Timothy B. Higginson (the named inventor), and Jeffrey M. Gross (managing member of both Princeps I and II), executed quitclaim assignments purporting to assign the '963 patent to the new Delaware entity, Princeps II.  Princeps I now represents that Princeps II is the assignee of the '963 patent. (D.I. 36.)  In Google's view, Princeps II is an alter ego of Princeps I.  (Google Am. Compl., D.I. 38 ¶ 22.)  Given that alter-ego allegation and the fact that Princeps itself refers to Princeps I and II collectively as "Princeps" (*See* D.I. 48 ("Princeps's Complaint" or "Princeps's Compl.")), this motion refers to Princeps I and II together as "Princeps."

Princeps answered Google's declaratory judgment Complaint, and has counterclaimed for infringement. (Princeps's Compl.)  Princeps's claims of infringement in this Court are substantially the same as Princeps I's claims in the Delaware Complaint.  *Compare* Princeps's Compl. ¶¶ 22–32 *with* Delaware Compl. ¶¶ 27–37.  Because certain of Princeps's current claims remain fatally flawed, Google moves to dismiss Princeps's claims of willful and indirect infringement under Fed. R. Civ. P. 12(b)(6).

**II.   PRINCEPS'S WILLFUL INFRINGEMENT ALLEGATION**

With regard to willful infringement, Princeps's entire allegation consists of the following:

> 30. On information and belief, since at least the time it received notice by [service of the Delaware Complaint on June 19, 2019], Google's infringement has been and continues to be willful.

(Princeps's Compl. ¶ 30.)

---

[1] *Princeps Interface Techs. LLC v. Google LLC*, No. 1:19-cv-01102-CFC, D.I. 13, 14 (D. Del. Sept. 6, 2019).

### III.  PRINCEPS'S INDIRECT INFRINGEMENT ALLEGATIONS

With respect to inducement under 35 U.S.C. § 271(b), Princeps alleges:

> 26. Upon information and belief, since at least the time of receiving this Complaint, Google has induced and continues to induce others to infringe at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271 (b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Google's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent.
>
> 27. Google's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing instructional materials and/or services related to the Accused Instrumentalities. On information and belief, Google has engaged in such actions with specific intent to cause infringement and with willful blindness to the resulting infringement because Google has had actual knowledge of the '963 patent and that its acts were inducing infringement of the '963 patent since at least June 19, 2019, as referenced in Paragraph 24 above.

(*Id.* ¶¶ 26, 27.)

With regard to contributory infringement under 35 U.S.C. § 271(c), Princeps alleges:

> 28. Upon information and belief, Google is liable as a contributory infringer to at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271 (c) by offering to sell, selling and importing into the United States input device technology, such as Google's Pixel phones with proprietary Google Apps and/or third-party Apps with keyboard functionalities and an operating system such as the Android operating system which are especially made or adapted for use in an infringement of the '963 patent. The Accused Instrumentalities are material components for use in practicing the '963 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

(*Id.* ¶ 28.)

### THE TWOMBLY/IQBAL LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). The Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). Thus, a claimant's "obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  Instead, the claimant must state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

As detailed below, Princeps's willful and indirect infringement claims do not meet those standards, and should be dismissed.

## **ARGUMENT**

### I. THE COURT SHOULD DISMISS PRINCEPS'S WILLFUL INFRINGEMENT CLAIM

Princeps's willful infringement allegation is a single conclusory sentence: "On information and belief, since at least the time it received notice by [the Delaware Complaint], Google's infringement has been and continues to be willful."  Princeps's Compl. ¶ 30.  That allegation is insufficient and must be dismissed because Princeps does not plausibly allege that Google's purported conduct amounted to "egregious" infringement.

#### A. Princeps Does Not Plausibly Allege That Google's Conduct Amounted to "Egregious" Infringement.

In *Halo*, the Supreme Court explained that "Section 284 . . . limit[s] the award of enhanced damages to egregious cases of misconduct beyond typical infringement," which is typically described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932–33 (2016).  Applying this standard, the Court should dismiss Princeps's allegation as insufficient, since it does not provide facts plausibly supporting that characterization of Google's conduct.

### 1. Princeps's Conclusory One-Sentence Allegation Is Insufficient.

Although a complainant "does not have to prove willfulness at the pleading stage," the court will dismiss a complaint that fails to "allege more than a one-sentence prayer for willfulness relief." *Logic Devices, Inc. v. Apple, Inc.*, No. C 13-02943 WHA, 2014 WL 60056, at *3 (N.D. Cal. Jan. 7, 2014).[2] Moreover, the complainant must make "specific factual allegations about [the accused infringer's] subjective intent or details about the nature of [the accused infringer's] conduct to render a claim of willfulness plausible, and not merely possible." *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017)).

Thus, Courts in this district have required support for a claim of supposedly egregious conduct, and have repeatedly dismissed willfulness claims that fail to distinguish the alleged conduct from typical infringement. In *Finjan v. Cisco*, the Court held that failure to make "specific factual allegations about [the accused infringer's] subjective intent, or any other aspect of [the accused infringer's] behavior that would suggest its behavior was 'egregious'" was fatal to the patentee's willfulness claims. *Finjan*, 2017 WL 2462423 at *5. There, the complaint "simply ma[de] the conclusory allegation that '[d]espite knowledge of [patentee's] patent portfolio, [accused infringer] has sold and continues to sell the accused products and services . . . .'" *Id.* at *5. The court held that such "conclusory allegations of knowledge and infringement" were not enough to plausibly allege the egregiousness required under the law, and therefore dismissed the willful infringement claim for failure to state a claim upon which relief could be granted. *Id.*

Indeed, Princeps's allegations are substantially thinner than other willful infringement allegations that have been dismissed in this District as insufficient. For example, in *Hypermedia*, the Court dismissed willful infringement claims because "[n]othing in the complaint provid[ed] specific factual allegations about Google's subjective intent or details about the nature of Google's conduct to

---

[2] Although *Logic Devices* was decided before *Halo*, it remains instructive here for its observation that a patent infringement plaintiff "does not have to prove willfulness at the pleading stage" because *Halo* did not change the willfulness standard in this regard. *See Straight Path IP Grp., Inc. v. Apple Inc.*, No. C 16-03582 WHA, 2017 WL 3967864, at *4 (N.D. Cal. Sept. 9, 2017) (reaffirming, after *Halo*, that *Logic Devices* still applies on this point).

render a claim of willfulness plausible, and not merely possible." *Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019). There, the patentee alleged that it had sent a pre-lawsuit letter to the accused infringer regarding licensing intellectual property, provided the accused infringer with details regarding the patentee's patent portfolio, including the patents-in-suit, shared figures from an asserted patent with the accused infringer, and shared charts detailing which accused products infringed which patents. *Id.* at *4. Despite all of those allegations, the court concluded that the complaint, at most, alleged that the accused infringer had failed to properly investigate whether its products infringed the asserted patents. Thus, even though they were significantly more detailed than Princeps's allegations here, the plaintiff's willful infringement claims were dismissed because there were no specific factual allegations about the accused infringer's subjective intent, nor any factual allegation that made the defendant's conduct *plausibly* willful. *Id.*

Likewise, nothing in Princeps's pleadings makes any alleged Google conduct plausibly willful infringement. In particular, Princeps does not set forth any facts that show that Google's alleged infringement of the '963 patent was "egregious" in any plausible way. (*See* Princeps's Compl. ¶ 22 ("Upon information and belief, Counterclaim Defendant Google has directly infringed and continues to directly infringe at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell and/or importing. . . ."); ¶ 26 ("Upon information and belief, since at least the time of receiving this Complaint, Google has induced and continues to induce others to infringe at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe. . . ."); ¶ 28 ("Upon information and belief, Google is liable as a contributory infringer to at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States input device technology . . . which are especially made or adapted for use in an infringement of the '963 patent . . . . [and] are material components for use in practicing the '963 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.").) Instead, after generic infringement assertions, Princeps's complaint merely alleges—in only a single phrase, not even a full sentence—that Google's infringement "has

been and continues to be willful." Like the complaint in *Finjan v. Cisco*, Princeps's seven-word allegation is both conclusory and insufficient. Also, like the allegation in *Hypermedia*, nothing in Princeps's complaint provides specific factual allegations about Google's subjective intent or details about the nature of Google's conduct that would render a claim of willfulness plausible. *Hypermedia*, 2019 WL 1455336. Indeed, under applicable law, the seven words that constitute the entirety of Princeps's allegation cannot make a claim of willfulness even *possible*, much less *plausible*, as the *Twombly/Iqbal* standard requires.

### 2. Google's Actions in Seeking Declaratory Judgment of Noninfringement Makes Its Conduct Anything but "Egregious."

Only seven days after Princeps dismissed its Delaware complaint, Google brought this action seeking declaratory judgment of noninfringement, as Princeps admits. (Google Compl. at 1; Princeps's Answer (D.I. 48) ¶ 1.) The fact that Google, on its own initiative, approached this Court for a judgment of noninfringement demonstrates its subjective belief that Princeps's patent infringement allegation has no merit. Google's behavior is nothing like that of a *Halo* offender, because a pirate-like willful infringer would not willingly approach this Court to request a determination of noninfringement. *See Dorman Prods., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 680–81 (E.D. Pa. 2016), *as amended* (Oct. 17, 2016) (granting summary judgment of no willful infringement where patentee had not marked its product with the patent number, sent a cease and desist letter to the accused infringer, which provided the accused infringer with its first notice of the patent, and a month later the accused infringer filed a declaratory judgment action challenging the validity of the patent, the court finding the accused infringer's conduct fell "far short of conduct 'characteristic of a pirate.'"). Google's proactivity in seeking declaratory judgment of noninfringement is anything but "egregious" conduct, and it renders Princeps's willfulness claim completely implausible.

Nor do Google's ongoing manufacturing and sales provide any plausibility to Princeps's willfulness claim. As the Court recognized in *Slot Speaker*, an accused infringer's ongoing manufacturing and sales are equally consistent with a defendant's subjective belief the patentee's patent infringement action has no merit. *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017) (denying motion to amend complaint to

add willfulness as futile because plaintiff "provides no specific factual allegations about Defendant's subjective intent or details about the nature of Defendant's conduct" beyond the fact that defendant continued to manufacture and sell accused product post-suit, which is not a plausible claim of willful infringement). Accordingly, allegations that merely accuse post-Complaint manufacturing and sales are insufficient to state a plausible willfulness claim under *Twombly/Iqbal*. *Id.*, 2017 WL 4354999, at *2 (citing *Halo*, 136 S. Ct. at 1936 ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more.") (Breyer, J., concurring)). Here, like in *Slot Speaker*, Princeps alleges that Google's ongoing manufacturing and sales are a basis for willful infringement, but provides no additional specific support. Therefore, Princeps's allegations are insufficient to support its willfulness claim. *See Slot Speaker*, 2017 WL 4354999, at *2.

For the reasons above, the Court should dismiss Princeps's willfulness allegation for failing to meet the *Twombly/Iqbal* standard.

## II.  THE COURT SHOULD DISMISS PRINCEPS'S INDIRECT INFRINGEMENT CLAIMS

To support claims for induced or contributory infringement, a patentee must demonstrate that an accused infringer knew about the patent-in-suit, knew that the induced acts constitute patent infringement (for inducement), and knew that the combination for which his component was especially designed was both patented and infringing (for contributory infringement). *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) ("[L]iability for inducing infringement attaches only if the defendant knew of the patent . . . . Like induced infringement, contributory infringement requires knowledge of the patent in suit."); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"); *id.* at 763 ("[A] violator of § 271(c) must know that the combination for which his component was especially designed was both patented and infringing." (internal quotations and citations omitted)).

Princeps's indirect infringement claims should be dismissed. First, with respect to induced infringement, Princeps has not alleged facts sufficient to plausibly show the requisite specific intent

to induce infringement. Second, Princeps's contributory infringement claim consists only of a formulaic recitation of claim elements, which is facially insufficient to state a plausible claim.

### A. Princeps Fails to Allege Facts That Plausibly Establish That Google Possessed the Requisite Specific Intent to Induce Infringement.

Princeps's induced infringement allegations are limited to two scant paragraphs. (Princeps's Compl. ¶¶ 26–27.) Those conclusory allegations are wholly insufficient to state an inducement claim under the *Twombly/Iqbal* standard, which require a patent plaintiff to allege "facts plausibly showing that [Defendant] specifically intended [its] customers to infringe the [asserted patent] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). As courts have observed, a "formulaic recitation" of the elements of an inducement claim, like those in Princeps's Complaint, do not satisfy that standard.[3] *See id.* at 1346 (quoting *Twombly*, 550 U.S. at 545); *see also CAP Co. v. McAfee, Inc.*, No. 14-cv-05068, 2015 WL 3945875, *5 (N.D. Cal. June 26, 2015). For example, Princeps alleges that Google induces infringement of its "partners and customers" by "distributing the Accused Instrumentalities and providing instructional materials and/or services related to the Accused Instrumentalities" (Princeps's Compl. ¶ 27). But Princeps does not explain or identify what instructions (or services) Google allegedly provides to those unidentified third parties or how those instructions (or services) encourage infringement. (*See id.* ¶¶ 26–27.) Those are precisely the sort of allegations that should be dismissed as insufficient: as the *CAP Co.* Court held, "passing references to 'user manuals guides, and support articles,' without ever saying what those materials contain, [] is wholly inadequate for an inference of specific intent." 2015 WL 3945875, at *5.

Princeps also alleges, without any support, that Google "aid[s] and abet[s] others" to directly infringe. (*See, e.g.*, Princeps's Compl. ¶¶ 26–27.) Although Princeps concludes that Google provided

---

[3] Indeed, Princeps's allegations of indirect infringement are so conclusory and formulaic that Princeps's allegations of indirect infringement against Apple, Samsung, Asus, and Motorola are identical to the allegations against Google, varying only the names of the defendants and the accused devices. *See Apple Inc. v. Princeps Interface Techs. LLC*, No. 3:19-cv-6352-EMC, D.I. 33, Infringement Claim ¶¶ 26-28 (N.D. Cal. Jan. 8, 2020); *Princeps Secundus LLC v. Samsung Elecs. Co., Ltd.*, No. 5:20-cv-00201, D.I. 1 ¶¶ 37-39 (N.D. Cal. Jan. 8, 2020); *Princeps Secundus LLC v. AsusTEK Comput. Inc.*, No. 5:20-cv-00205, D.I. 1 ¶¶ 32-34 (N.D. Cal. Jan. 9, 2020); *Princeps Secundus LLC v. Motorola Mobility LLC*, No. 1:20-cv-00318, D.I. 1 ¶¶ 26-28 (N.D. Ill. Jan. 15, 2020).

unidentified aid, instructional materials, and services, and that Google distributed the accused products, the Complaint is silent as to how any of those alleged activities encouraged customers to infringe and cannot support a claim that Google had specific intent to induce its customers' acts that allegedly resulted in infringement. (*E.g. id.*)  And even if Princeps had identified any specific instructional or advertising materials—it does not—that still would be insufficient to sustain a plausible claim of inducement. *See Hypermedia*, 2019 WL 1455336, at *3 (dismissing inducement claims even when patentee identified specific guides because "[i]n no way does the complaint detail *how* an end user would infringe [patentee's] patents by following instructions in the links provided in the complaint."); *Uniloc USA, Inc. v. Logitech, Inc.*, No. 18-CV-01304-LHK, 2018 WL 6025597, at *3 (N.D. Cal. Nov. 17, 2018) ("[Patentee] only generically alleges that [the alleged infringer], with the intent to have its customers infringe, provided its customers with instructions to do so. This is simply not enough to allege induced infringement."); *CAP Co.*, 2015 WL 3945875, at *5 (dismissing inducement because patentee failed to allege any statements by the alleged infringer at all).

In sum, Princeps's allegations are a mere recitation of the required elements for an induced infringement claim.  Such "'naked assertion[s]' devoid of 'further factual enhancement'" should be disregarded when assessing a claim's sufficiency. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557); *see also Johnstech Int'l Corp. v. JF Tech. Berhad*, 14-CV-02864-JD, 2015 WL 2062223, at *2 (N.D. Cal. May 1, 2015), *aff'd sub nom. Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 773 Fed. Appx. 623 (Fed. Cir. 2019) (unpublished) ("While [claimant] need not prove its claim at the pleading stage, bare pleadings of the elements of the claim do not suffice to allow the Court to make a reasonable inference of defendants' intent to induce infringement."). Accordingly, the Court should dismiss Princeps's inducement claim.

### B. Princeps Fails to Allege Facts That Plausibly Demonstrate Contributory Infringement.

To state a contributory infringement claim under *Twombly/Iqbal*, a patent owner must allege facts sufficient to permit the inference that the defendant sells or offers to sell "a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or

especially adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d at 1337; 35 U.S.C. § 271(c). Princeps's contributory infringement allegation formulaically recites the requisite elements without providing any of the required factual support. (*See* Princeps's Compl. ¶ 28.) Yet, empty formulaic allegations cannot sustain a claim under the *Twombly/Iqbal* standard. *See, e.g., Twombly*, 550 U.S. at 555; *Uniloc*, 2018 WL 6025597, at *3 ("[Claimant] fails to provide factual underpinnings for its allegations that there are no substantial noninfringing uses of the accused devices. Again, a formulaic recitation of a cause of action's elements will not do to meet Rule 8's pleading standards." (internal quotation omitted)).

Princeps baldly asserts that the accused products "are material components for use in practicing the '963 patent," that are "especially made or adapted for use in an infringement of the '963 patent," and "are not a staple article of commerce suitable for substantial non-infringing use." (Princeps Compl. ¶ 28.) But Princeps does not allege any facts in support of those conclusory assertions.[4] For example, Princeps never explains in what way the accused products are "especially made or adapted for use in an infringement of the '963 patent," nor how Google allegedly knows that fact. *See id*. Princeps's pleading defects are particularly glaring in light of inconsistencies between Princeps's infringement allegations and its own admissions regarding prior art to the patent-in-suit. Specifically, Princeps points to QWERTY keyboards as purported evidence of Google's alleged infringement in its claim charts, but admits that "a traditional two-handed QWERTY keyboard" is prior art to the patent. (*Compare* Princeps's Compl., Ex. A-2 at 3, 8, 9, 12 (pointing to QWERTY keyboards on accused Google products), *with* Princeps's Compl. ¶ 11.) Princeps offers no explanation why or how one should infer that admitted prior art could be "especially made or adapted for use in an infringement of the '963 patent." Additionally, Princeps identifies "Pixel smartphones" as the claimed "information input device" in apparatus claim 1—but Pixel smartphones, like most other smartphones, have a wide range of functionality, none of which necessarily requires the use of any type of keyboard. (*See* Princeps's Compl., Ex. A-2 at 4.) As just a few examples, Pixel smartphones can be used to make phone calls, take pictures or record videos, watch videos, read books, browse social media, and browse

---

[4] As illustrated by the fact that the allegations of contributory infringement are identical to the contributory infringement allegations against other defendants. *See* n.3, *supra*.

the internet, all without using the QWERTY keyboard to which Princeps points. Indeed, for many applications the Pixel smartphone needs no keyboard at all, let alone a prior art QWERTY keyboard, because users can simply utilize voice commands instead of typing. (*See, e.g.*, Princeps's Compl., Ex. A-1 at 6, 15 (showing a "Google voice typing" option).)

A claimant that fails to "plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing uses" does not satisfy the pleading standard for contributory infringement. *Bill of Lading*, 681 F.3d at 1337. Indeed, a "fleeting reference to the fact that the accused products have no substantial noninfringing uses does not provide the requisite factual basis to support" a claim for contributory infringement. *Uniloc*, 2018 WL 6025597, at *3; *see also Nanosys, Inc. v. QD Vision, Inc.*, No. 16-CV-01957-YGR, 2016 WL 4943006, at *6 (N.D. Cal. Sept. 16, 2016) (dismissing contributory infringement claims where claimant did not allege any facts showing the alleged infringer knew the accused product was especially made or adapted to infringe). Here, Princeps alleges that "Google's Pixel phones with proprietary Google Apps and/or third-party Apps with keyboard functionalities and an operating system such as the Android operating system. . . . are material components for use in practicing the '963 patent[.]" (Princeps's Compl. ¶ 28.) However, the accused components do not have to be used in combination with each other, and Princeps never alleges that each component has no substantial noninfringing use. If anything, the only fair inference to be drawn is that the accused Google products have many "substantial noninfringing use[s]." Because Princeps's contributory infringement claim is based only on boilerplate assertions, that claim should be dismissed.

**CONCLUSION**

Google respectfully requests that this Court grant Google's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and dismiss Princeps II's indirect and willful infringement allegations in their entirety.

| | |
|---|---|
| Dated:  January 29, 2020 | Respectfully submitted, |
| | */s/ John M. Desmarais* |
| | John M. Desmarais |
| | |
| | DESMARAIS LLP |
| | John M. Desmarais (CA Bar No. 320875) |
| | Emily H. Chen (CA Bar No. 302966) |
| | 101 California Street |
| | San Francisco, California 94111 |
| | T: (415) 573-1900 |
| | F: (415) 573-1901 |
| | jdesmarais@desmaraisllp.com |
| | echen@desmaraisllp.com |
| | |
| | Paul A. Bondor (admitted *pro hac vice*) |
| | Steven M. Balcof (admitted *pro hac vice*) |
| | Elizabeth Weyl (admitted *pro hac vice*) |
| | 230 Park Avenue |
| | New York, New York 10169 |
| | T: 212-351-3400 |
| | F: 212-351-3401 |
| | pbondor@desmaraisllp.com |
| | sbalcof@desmaraisllp.com |
| | eweyl@desmaraisllp.com |
| | |
| | *Counsel for Plaintiff, Counterclaim-Defendant Google LLC* |