DESMARAIS LLP
John M. Desmarais (CA Bar No. 320875)
Emily H. Chen (CA Bar No. 302966)
101 California Street
San Francisco, CA 94111
T: (415) 573-1900
F: (415) 573-1901
jdesmarais@desmaraisllp.com
echen@desmaraisllp.com

Paul A. Bondor (admitted *pro hac vice*)
Steven M. Balcof (admitted *pro hac vice*)
Elizabeth Weyl (admitted *pro hac vice*)
230 Park Avenue
New York, NY 10169
T: 212-351-3400
F: 212-351-3401
pbondor@desmaraisllp.com
sbalcof@desmaraisllp.com
eweyl@desmaraisllp.com

*Counsel for Plaintiff, Counterclaim-Defendant
Google LLC*

LAW OFFICES OF SETH W. WIENER
Seth W. Wiener (CA Bar No. 203747)
609 Karina Court
San Ramon, California 94582
Telephone: (925) 487-5607
seth@sethwienerlaw.com

DEVLIN LAW FIRM LLC
Timothy Devlin (admitted *pro hac vice*)
Patrick R. Delaney (admitted *pro hac vice*)
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com
pdelaney@devlinlawfirm.com

*Counsel for Defendant Princeps Interface
Technologies LLC and Defendant and Counter-
Claimant Princeps Secundus LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| GOOGLE LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>PRINCEPS INTERFACE TECHNOLOGIES LLC and PRINCEPS SECUNDUS LLC,<br><br>      Defendants. | Case No. 19-cv-6566-EMC<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |
| PRINCEPS SECUNDUS LLC,<br><br>      Counter-Claimant,<br><br>      v.<br><br>GOOGLE LLC,<br><br>      Counter-Defendant. | |

STIPULATED PROTECTIVE ORDER FOR
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS

CASE NO. 19-CV-6566-EMC

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

STIPULATED PROTECTIVE ORDER FOR                    1                    CASE NO. 19-CV-6566-EMC
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation (and shall be so labeled by the Designating Party): trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     House Counsel: attorneys who are employees of a Party.  House Counsel does not

STIPULATED PROTECTIVE ORDER FOR
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS

2                CASE NO. 19-cv-6566-EMC

include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material.

2.18   Relevant Technology: devices with software or firmware for providing keyboard functionalities, virtual keyboards or input methods involving keyboard functionalities or virtual keyboards used in consumer devices.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

1    information: (a) any information that is in the public domain at the time of disclosure to a Receiving

2    Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

3    publication not involving a violation of this Order, including becoming part of the public record

4    through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure

5    or obtained by the Receiving Party after the disclosure from a source who obtained the information

6    lawfully and under no obligation of confidentiality to the Designating Party.

7         For clarity, nothing herein shall affect the right of the Designating Party to disclose to its

8    officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own

9    information.  Such disclosure shall not waive the protections of this Protective Order and shall not

10   entitle other Parties or their attorneys to disclose such information in violation of it, unless by such

11   disclosure of the Designating Party the information becomes public knowledge.  Similarly, the

12   Protective Order shall not preclude a Party from showing its own information to its officers, directors,

13   employees, attorneys, consultants or experts, or to any other person, if such information has been filed

14   under seal by another Party.

15        Any use of Protected Material at trial shall be governed by a separate agreement or order.

16   4.   DURATION

17        Even after final disposition of this litigation, the confidentiality obligations imposed by this

18   Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order

19   otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

20   defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the

21   completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

22   including the time limits for filing any motions or applications for extension of time pursuant to

23   applicable law.

24   5.   DESIGNATING PROTECTED MATERIAL

25        5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or

26   Non-Party that designates information or items for protection under this Order must take care to limit

27   any such designation to specific material that qualifies under the appropriate standards.  To the extent

28   STIPULATED PROTECTIVE ORDER FOR              4              CASE NO. 19-cv-6566-EMC
     LITIGATION INVOLVING PATENTS, HIGHLY
     SENSITIVE CONFIDENTIAL INFORMATION
     AND/OR TRADE SECRETS

it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection and if practicable to do so, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would

like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, the Designating Party may identify on the record (when practical), before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an

exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected after recognition by a Producing Party of an inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Right to Seek Additional Protections.  This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

STIPULATED PROTECTIVE ORDER FOR
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS

7

CASE NO. 19-CV-6566-EMC

6.1     <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

1  expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  All Parties

2  shall continue to afford the material in question the level of protection to which it is entitled under the

3  Designating Party's designation until the Court rules on the challenge.

4  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

5      7.1     Basic Principles.  Absent further Order from the Court, the Receiving Party may use

6  Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with

7  this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected

8  Material shall not be used for any business purpose, in connection with any other legal proceeding, or

9  directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only

10  to the categories of persons and under the conditions described in this Order.[1]  When the litigation has

11  been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL

12  DISPOSITION).

13      Protected Material must be stored and maintained by a Receiving Party at a location and in a

14  secure manner that ensures that access is limited to the persons authorized under this Order.  Protected

15  Material shall not be copied or otherwise reproduced by a Receiving party, except for transmission to

16  qualified recipients, without the written permission of the Producing Party or by further order of the

17  Court.

18      7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by

19  the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

20  information or item designated "CONFIDENTIAL" only to:

21      (a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees

22  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

23  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

attached hereto as Exhibit A and provided a copy of the signed Exhibit A to the Designating Party;

(b)     up to three officers, directors, and employees (including House Counsel) of the Receiving Party who have no involvement in any competitive decision-making (1) to whom disclosure is reasonably necessary for this litigation, following identification of such individuals to each of the other parties and approval by the other parties, such approval not to be unreasonably delayed or withheld  (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d)     the Court and its personnel;

(e)     stenographic reporters, videographers and/or their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object, generally 10 days before the deposition is scheduled.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)     mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and provided a copy of the signed Exhibit A to the Designating Party;

(b)   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c)   the Court and its personnel;

(d)   stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object, generally 10 days before the deposition is scheduled. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, unless the Designating Party objects to the disclosure.

7.4   Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.
Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

STIPULATED PROTECTIVE ORDER FOR
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS

11

CASE NO. 19-CV-6566-EMC

Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and provided a copy of the signed Exhibit A to the Designating Party;

(b)    up to three Experts[2] of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed;

(c)    the Court and its personnel;

(d)    stenographic reporters, videographers and their respective staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the source code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers.

(e)    while testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in

---

[2] Should the Receiving Party need to disclose "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to more than the authorized three Experts, the Receiving Party may make a written request to the Designating Party explaining why an additional expert is needed, the Designating Party shall consider such request and not unreasonably withhold consent, provided (1) disclosure is reasonably necessary for this litigation, (2) the expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed.

connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying.  Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

7.5     <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a)     (1) Purposefully left blank.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.2(c), 7.3(c), and 7.4(b) first must make a written request via email to the Designating Party's Outside Counsel of Record[3] that (1) identifies the general categories of "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, including a list of publications from the past five years, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

---

[3] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[4] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[5]

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the written email request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d)     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

---

[4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[5] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

(e)      A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

(f)      It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content of such information or violate any other provision in this Order, except by prior written agreement with counsel for the Producing Party.

(g)      Nothing in this Stipulation and Order shall be construed as preventing Outside Counsel for a party accused of infringement in a "related proceeding", as defined by Patent Local Rule 2-1(a)(1), from discussing amongst themselves any of the patent owner's Protected Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to which each such Outside Counsel individually has lawful access through patent owner's productions and/or disclosures in the respective actions.

8.    PROSECUTION AND ACQUISITION BAR

(a)      Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by the Producing Party shall not be involved in the prosecution of patents or patent applications relating to  the Relevant Technology or any confidential technical information that Google produces in this matter including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States

Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[6]   To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review ("IPR"), post grant review or covered business method review).[7]  This Prosecution Bar shall begin when access to "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

(b)      Absent written consent from Google LLC, any individual who receives access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Google LLC shall not be involved in activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to the virtual keyboard products accused of infringement; or (ii) advising or counseling clients regarding the same.  This Acquisition Bar shall begin when access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end three (3) years after final disposition of this action as provided herein.

9.      <u>SOURCE CODE</u>

---

[6] Prosecution includes, for example, Ex Parte proceedings that are original prosecution, reissue and as well as motions to amend claims as they may arise in Inter Partes Review ("IPR"), post grant review, and covered business methods.

[7] Outside Counsel of Record that have access to Google "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material are prohibited from participating in any amending of claims in IPR or other post grant proceeding.  However, other attorneys of Outside Counsel's firm that do not have access to Google's Protected Material may participate in amending of claims in an IPR or other post grant proceeding, provided an ethical wall between Outside Counsel and those other attorneys is in place, and Outside Counsel provides no assistance in any claim amendment.

STIPULATED PROTECTIVE ORDER FOR
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS

16

CASE NO. 19-cv-6566-EMC

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms. This material may include, among things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms, files in programming languages such as C++, Java, and Flash.  For the avoidance of doubt, the Producing Party may designate as source code make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware.  Production or designation of Confidential Source Code shall not be construed as a representation or admission by a party that Confidential Source Code is properly discoverable in this action, nor does the inclusion of Confidential Source Code as part of this agreement obligate any party to produce Confidential Source Code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8 and the Acquisition Bar set forth in Paragraph 8, and may be disclosed only as set forth in Paragraph 7.4.

(c)     Any source code produced in discovery shall only be made available for inspection, not produced except as set forth below, in an electronic searchable format (e.g., native) allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at (1) an office of the Producing Party or the Producing Party's primary outside counsel of record in New York City or (2) or at another mutually agreed upon location.  Any location under (1) or (2) shall be within the United States.  The source code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The secured computer shall have disk encryption and be password protected.  Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network

or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing source code will be made available for inspection during regular business hours (9:00 A.M. to 6:00 P.M. local time), upon reasonable notice (including email) to the producing party, which shall not be less than 3 business days in advance of the requested inspection.   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE CODE" material, except that the Receiving Party may request paper copies of limited portions of source code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  In no event may the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of the case without prior written approval by the Producing Party.  The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 7.5 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  At the inspecting Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by the Producing Party in a timely fashion.  Even if within the limits described, the Producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy

form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.  The secured computer shall include software utilities which will allow counsel and experts to view and search the source code.  At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, and (b) search for a given pattern of text through a number of files.

(e)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.  Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Except as provided in subsection (i) of this section, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.  Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[8]

---

[8] The nature of the source code at issue in a particular case may warrant additional protections or restrictions, For example, it may be appropriate under certain circumstances to require the Receiving

(f)     The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day.  Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly.  The Producing Party shall not be responsible for any items left in the source code viewing room.

(g)     A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log.

(h)     The Receiving Party's outside counsel shall maintain a log of all copies of the source code (received from a Producing Party) that are delivered by the Receiving Party to any person.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code.

(i)     Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Receiving Party may create an

---

Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents[9] ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order.   Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

(j)     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL- SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

(k)     The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or

---

[9] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS                                        CASE NO. 19-CV-6566-EMC

items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely[11] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[11] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.

1   additional protections.

2       (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-

3   Party's confidential information in its possession, and the Party is subject to an agreement with the

4   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

5       1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of

6           the information requested is subject to a confidentiality agreement with a Non-Party;

7       2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

8           litigation, the relevant discovery request(s), and a reasonably specific description of the

9           information requested; and

10      3.      make the information requested available for inspection by the Non-Party.

11      (c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days

12  of receiving the notice and accompanying information, the Receiving Party may produce the Non-

13  Party's confidential information responsive to the discovery request.  If the Non-Party timely objects

14  or seeks a protective order, the Receiving Party shall not produce any information in its possession or

15  control that is subject to the confidentiality agreement with the Non-Party before a determination by

16  the Court.[12]  Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of

17  seeking protection in this court of its Protected Material.

18  12.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

19      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

20  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

21  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

22  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

23  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

24  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

25  Bound" that is attached hereto as Exhibit A.

26  _____

27  [12] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights
    of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this
    court.

28

13.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the court for a determination of the claim. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

14.   MISCELLANEOUS

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached.  Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

STIPULATED PROTECTIVE ORDER FOR
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS

24

CASE NO. 19-CV-6566-EMC

14.3    <u>No Agreement Concerning Discoverability</u>.  The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action.  The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

14.4    <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Information shall comply with all applicable export control statutes and regulations.  See, e.g., 15 CFR 734.2(b).  No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Information, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.5    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at

1   issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a

2   Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is

3   denied by the court, then the Receiving Party may file the Protected Material in the public record

4   pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

5          14.6    Use of Protected Material at Hearing or Trial.  A Party shall provide a minimum of two

6   business days' notice to the Producing Party in the event that a Party intends to use any Protected

7   Information during trial.  Subject to any challenges under Section 6, the Parties will not oppose any

8   reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during

9   the presentation of any testimony, evidence, or argument relating to or involving the use of any

10  Protected Material.

11         14.7    No Limitation on Legal Representation.  Nothing in this Order shall preclude or impede

12  Outside Counsel of Record's ability to communicate with or advise their client in connection with this

13  litigation based on such counsel's review and evaluation of Protected Material, provided however that

14  such communications or advice shall not disclose or reveal the substance or content of any Protected

15  Material other than as permitted under this Order.

16         14.8    Violations.  If any Party violates the limitations on the use of Protected Material as

17  described above, the Party violating this Order shall be subject to sanctions, or any other remedies as

18  appropriate, as ordered by the Court. In the event motion practice is required to enforce the terms of

19  this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including

20  attorney or other professional fees, incurred in connection with the discovery of the violation and the

21  preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

22         14.9    Agreement Upon Execution.  Each of the Parties agrees to be bound by the terms of

23  this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective

24  Order, even if prior to entry of this Order by the Court.

25  15.    FINAL DISPOSITION

26         Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving

27  Party must return all Protected Material to the Producing Party or destroy such material. As used in

28

---

STIPULATED PROTECTIVE ORDER FOR                    26                    CASE NO. 19-cv-6566-EMC
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS

this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.     INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

        The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation.  All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  March 18, 2020

Respectfully submitted,

*/s/ Elizabeth Weyl*
John M. Desmarais (CA Bar No. 320875)
Emily H. Chen (CA Bar No. 302966)
DESMARAIS LLP
101 California Street
San Francisco, California 94111
T: (415) 573-1900
F: (415) 573-1901
jdesmarais@desmaraisllp.com
echen@desmaraisllp.com

Paul A. Bondor (admitted *pro hac vice*)
Steven M. Balcof (admitted *pro hac vice*)
Elizabeth Weyl (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
T: 212-351-3400
F: 212-351-3401
pbondor@desmaraisllp.com
sbalcof@desmaraisllp.com
eweyl@desmaraisllp.com

*Counsel for Plaintiff, Counterclaim-Defendant Google LLC*

*/s/ Patrick R. Delaney*
Seth W. Wiener (CA Bar No.  203747)
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, California 94582
Telephone: (925) 487-5607
seth@sethwienerlaw.com

Timothy Devlin (admitted *pro hac vice*)
Patrick R. Delaney (admitted *pro hac vice*)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com
pdelaney@devlinlawfirm.com

*Counsel for Defendant Princeps Interface Technologies LLC and Defendant and Counter-Claimant Princeps Secundus LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated: _____

_____
Honorable Edward M. Chen

1

## **ATTESTATION OF ELIZABETH WEYL RE SIGNATURES**

2       I, Elizabeth Weyl, pursuant to Local Rule 5-1(i)(3), hereby attest that I obtained the

3   concurrence of Patrick R. Delaney in the filing of this document and his authority to place his

4   electronic signature on the document.

5       Executed this 18th day of March, 2020 in New York, New York.

6                                                     */s/ Elizabeth Weyl*

7                                                     Elizabeth Weyl

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER FOR
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS                                    CASE NO. 19-CV-6566-EMC

1

### EXHIBIT A
### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

2

I, _____ [print or type full name], of _____ [print

3

or type full address], declare under penalty of perjury that I have read in its entirety and understand

4

the Stipulated Protective Order that was issued by the United States District Court for the Northern

5

District of California on _____ [date] in the case of *Google LLC v. Princeps Interface*

6

*Technologies LLC et al*, No. 3:19-cv-6566-EMC (N.D.Cal.).   I agree to comply with and to be bound

7

by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

8

so comply could expose me to sanctions and punishment in the nature of contempt.   I solemnly

9

promise that I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this Order.

10

11

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

12

if such enforcement proceedings occur after termination of this action.

13

14

I   hereby   appoint   _____   [print   or   type   full   name]   of

15

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related to

16

enforcement of this Stipulated Protective Order.

17

18

Date: _____

19

City and State where sworn and signed: _____

20

21

Printed name: _____

22

23

Signature: _____

24

25

26

27

28

STIPULATED PROTECTIVE ORDER FOR
LITIGATION INVOLVING PATENTS, HIGHLY
SENSITIVE CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS

30

CASE NO. 19-CV-6566-EMC