| | |
|---|---|
| DESMARAIS LLP<br>John M. Desmarais (CA Bar No. 320875)<br>Emily H. Chen (CA Bar No. 302966)<br>101 California Street<br>San Francisco, CA 94111<br>T: (415) 573-1900<br>F: (415) 573-1901<br>jdesmarais@desmaraisllp.com<br>echen@desmaraisllp.com<br><br>Paul A. Bondor (admitted *pro hac vice*)<br>Steven M. Balcof (admitted *pro hac vice*)<br>Elizabeth Weyl (admitted *pro hac vice*)<br>230 Park Avenue<br>New York, NY 10169<br>T: 212-351-3400<br>F: 212-351-3401<br>pbondor@desmaraisllp.com<br>sbalcof@desmaraisllp.com<br>eweyl@desmaraisllp.com<br><br>*Counsel for Plaintiff, Counterclaim-Defendant Google LLC* | LAW OFFICES OF SETH W. WIENER<br>Seth W. Wiener (CA Bar No. 203747)<br>609 Karina Court<br>San Ramon, California 94582<br>Telephone: (925) 487-5607<br>seth@sethwienerlaw.com<br><br>DEVLIN LAW FIRM LLC<br>Timothy Devlin (admitted *pro hac vice*)<br>Patrick R. Delaney (admitted *pro hac vice*)<br>1526 Gilpin Avenue<br>Wilmington, Delaware 19806<br>Telephone: (302) 449-9010<br>Facsimile: (302) 353-4251<br>tdevlin@devlinlawfirm.com<br>pdelaney@devlinlawfirm.com<br><br>*Counsel for Defendant Princeps Interface Technologies LLC and Defendant and Counter-Claimant Princeps Secundus LLC* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PRINCEPS INTERFACE TECHNOLOGIES LLC and PRINCEPS SECUNDUS LLC,<br><br>    Defendants.<br><br>PRINCEPS SECUNDUS LLC,<br><br>    Counter-Claimant,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Counter-Defendant. | Case No. 19-cv-6566-EMC<br><br>**JOINT STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference, scheduled for April 23, 2020.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties agree to comply with the District's E-Discovery Guidelines ("Guidelines") and have employed a Stipulated ESI order that is based on the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall be propounded for specific issues only, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe

as set forth in the Guidelines.

10.     Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11.     Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The parties agree to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. The parties agree that indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

12.     Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics shall be discussed pursuant to the District's E-Discovery Guidelines.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: March 18, 2020                                      Respectfully submitted,

| | |
|---|---|
| */s/ Elizabeth Weyl* | */s/ Patrick R. Delaney* |
| John M. Desmarais (CA Bar No. 320875) | LAW OFFICES OF SETH W. WIENER |
| Emily H. Chen (CA Bar No. 302966) | Seth W. Wiener (CA Bar No. 203747) |
| DESMARAIS LLP | 609 Karina Court |
| 101 California Street | San Ramon, California 94582 |
| San Francisco, California 94111 | Telephone: (925) 487-5607 |
| T: (415) 573-1900 | seth@sethwienerlaw.com |
| F: (415) 573-1901 | |
| jdesmarais@desmaraisllp.com | DEVLIN LAW FIRM LLC |
| echen@desmaraisllp.com | Timothy Devlin (admitted *pro hac vice*) |
| | Patrick R. Delaney (admitted *pro hac vice*) |
| Paul A. Bondor (admitted *pro hac vice*) | 1526 Gilpin Avenue |
| Steven M. Balcof (admitted *pro hac vice*) | Wilmington, Delaware 19806 |
| Elizabeth Weyl (admitted *pro hac vice*) | Telephone: (302) 449-9010 |
| DESMARAIS LLP | Facsimile: (302) 353-4251 |
| 230 Park Avenue | tdevlin@devlinlawfirm.com |
| New York, New York 10169 | pdelaney@devlinlawfirm.com |
| T: 212-351-3400 | |
| F: 212-351-3401 | *Counsel for Defendant Princeps Interface* |
| pbondor@desmaraisllp.com | *Technologies LLC and Defendant and* |
| sbalcof@desmaraisllp.com | *Counter-Claimant Princeps Secundus LLC* |
| eweyl@desmaraisllp.com | |
| *Counsel for Plaintiff, Counterclaim-Defendant Google LLC* | |

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: _____        _____

                                                              Honorable Edward M. Chen

**ATTESTATION OF ELIZABETH WEYL RE SIGNATURES**

I, Elizabeth Weyl, pursuant to Local Rule 5-1(i)(3), hereby attest that I obtained the concurrence of Patrick R. Delaney in the filing of this document and his authority to place his electronic signature on the document.

Executed this 18th day of March, 2020 in New York, New York.

                                            /s/ Elizabeth Weyl
                                            Elizabeth Weyl