John M. Desmarais (CA Bar No. 320875)
Emily H. Chen (CA Bar No. 302966)
101 California Street
San Francisco, CA 94111
T: (415) 573-1900
F: (415) 573-1901
jdesmarais@desmaraisllp.com
echen@desmaraisllp.com

Paul A. Bondor (admitted *pro hac vice*)
Ameet A. Modi (admitted *pro hac vice*)
Steven M. Balcof (admitted *pro hac vice*)
Elizabeth Weyl (admitted *pro hac vice*)
230 Park Avenue
New York, NY 10169
T: 212-351-3400
F: 212-351-3401
pbondor@desmaraisllp.com
amodi@desmaraisllp.com
sbalcof@desmaraisllp.com
eweyl@desmaraisllp.com

*Attorneys for Plaintiff, Counter-Defendant*
*Google LLC*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>          Plaintiff,<br><br>   v.<br><br>PRINCEPS INTERFACE TECHNOLOGIES LLC and PRINCEPS SECUNDUS LLC,<br><br>        Defendants. | Case No.: 3:19-cv-6566-EMC<br><br>**GOOGLE'S ANSWER TO PRINCEPS SECUNDUS LLC'S AMENDED COUNTERCLAIMS TO PLAINTIFF GOOGLE'S FIRST AMENDED COMPLAINT** |
| PRINCEPS SECUNDUS LLC,<br><br>        Counter-Claimant,<br>   v.<br><br>GOOGLE LLC,<br><br>        Counter-Defendant | |

### Plaintiff Google LLC's Answer to Defendant Princeps Secundus LLC's Amended Counterclaims

Pursuant to Federal Rule of Civil Procedure 15(a)(3), Plaintiff and Counter-Defendant Google LLC ("Google" or "Plaintiff"), by and through its undersigned counsel, hereby responds to Dkt. No. 76, Princeps Secundus LLC's ("Princeps II") Amended Counterclaims to Plaintiff Google's Complaint Seeking Declaratory Judgment for Noninfringement  ("Amended Counterclaims"), as follows:

### Google's Answer To Princeps II's Amended Counterclaims

The first two paragraphs of the Amended Counterclaims are introductory paragraphs to which no response is required.  To the extent that a response is required, Google admits that the Amended Counterclaims purport to set forth an action between Princeps II and Google.

### Nature of the Action

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et* seq.

**Response:**      Google admits that the Amended Counterclaims purport to set forth an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies that there are any factual or legal bases for Princeps II's claims.

### The Parties

2.      Princeps II is a limited liability company organized under the laws of the State of Delaware with a place of business at Princeps Secundus LLC, 261 West 35th Street, Suite No. 1003, New York, New York 10001.

**Response:**      Google lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 2 of the Amended Counterclaims and, on that basis, denies them.

3.      Defendant Google is a Delaware limited liability company, organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.  Google produces and sells electronics, telecommunications and mobile phone technologies worldwide, including and throughout the United States and within this District in the designing, manufacturing, importing, distributing and selling of the Accused Instrumentalities described in more detail below and in the attached claim charts.

**Response:**      Google admits that it is a limited liability company existing under the laws of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View,

| GOOGLE'S ANSWER TO PRINCEPS SECUNDUS LLC'S AMENDED COUNTERCLAIMS | 2 | Case No.: 3:19-cv-6566-EMC |

California 94043.  Google admits that it has sold products in the United States and in California.  Google states that the remaining allegations in paragraph 3 of the Amended Counterclaims contain legal conclusions that require no response.  To the extent an answer is required, Google denies the remaining allegations in paragraph 3 of the Amended Counterclaims.

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**Response:**      Admitted.

5.      To the extent this action initiated by Google is adjudicated in this District, venue is proper within this District pursuant to 28 U.S.C. § 1391(b) and (c).  Venue with respect to Google is proper in this District under 28 U.S.C. § 1400(b) because Google maintains a regular and established place of business in this District, its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351, and has committed infringing acts in this District through its sales of the Accused Instrumentalities in this District, and also under 28 U.S.C. § 1391(b)(2) because Google sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into the stream of commerce and effectuates these sales knowing that the products and services would be sold in this District and elsewhere in the United States.

**Response:**      Google admits that it initiated this action in this District.  Google admits that venue is proper but Google expressly denies it has committed infringing acts in this District or in any District.  Google denies the remaining allegations in paragraph 5 of the Amended Counterclaims.

6.      Google has consented to this Court's personal jurisdiction by commencing this action for Declaratory Judgement against Princeps II in this Court.  This Court has personal jurisdiction over Google.  Google is amenable to service of summons for this action.  Google has sought protection and benefit from the laws of the State of California by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

**Response**:      Google admits that it has consented to this Court's personal jurisdiction in this action by seeking declaratory judgment of noninfringement of the '963 patent.  Google denies it has placed infringing products into the stream of commerce, and Google specifically denies that it has committed any acts of infringement.  Google denies the remaining allegations in paragraph 6 of the Amended Counterclaims.

7.      Google – directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, and/or sells its products in the United States and this District.  Google has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the awareness and/or intent that they

| GOOGLE'S ANSWER TO PRINCEPS SECUNDUS LLC'S AMENDED COUNTERCLAIMS | 3 | Case No.: 3:19-cv-6566-EMC |

will be purchased by consumers in this District.  Google knowingly and purposefully ships infringing products into and within this District through an established distribution channel.  These infringing products have been and continue to be purchased by consumers in this District.  Upon information and belief, through those activities, Google has committed the tort of patent infringement in this District.

**Response:**   Google admits that it sells products in the United States and in California. Google denies it has placed infringing products into the stream of commerce, and Google specifically denies that it has committed any acts of infringement.  Google denies the remaining allegations in paragraph 7 of the Amended Counterclaims.

8.   On information and belief, Google is subject to this Court's general and specific personal jurisdiction because Google has sufficient minimum contacts within California and this District, because Google purposefully availed itself of the privileges of conducting business in California and in this District, because Google regularly conducts and solicits business within California and within this District, and because Princeps II's causes of action arise directly from Google's business contacts and other activities in California and this District.  Having purposefully availed itself of the privilege of conducting business within this District, Google should reasonably and fairly anticipate being brought into court here.

**Response:**   Google admits that it has consented to this Court's personal jurisdiction in this action by seeking declaratory judgment of noninfringement of the '963 patent.  Google denies the remaining allegations in paragraph 8 of the Amended Counterclaims.

### The Inventions

9.   Timothy B. Higginson is the sole inventor (hereinafter "the Inventor") of U.S. Patent No. 6,703,963 ("the '963 patent" or "the patent in suit").  A true and correct copy of the '963 patent is attached hereto as Exhibit A.

**Response:**   Google admits that the '963 patent lists on its face Timothy B. Higginson as an inventor.  Google admits that Exhibit A to the Amended Counterclaims appears to be a copy of the '963 patent.  Google denies the remaining allegation in paragraph 9 of the Amended Counterclaims.

10.   The '963 patent resulted from the pioneering efforts of the Inventor in the area of small-profile multifunctional input devices.  These efforts resulted in the development of novel input devices, and methods for operating them.  The input devices utilize one or more functional modes and one or more domain levels associated with entering input values into the devices.  A provisional patent application directed to the inventions was filed in the United States in September 2001.

**Response:**   Google admits that the '963 patent identifies on its face a provisional application filed in September 2001.  Google denies the remaining allegations in paragraph 10 of the Amended Counterclaims.

11.     At the time of the Inventor's pioneering efforts, the most widely implemented technology used to address keying input data still involved implementing variants of the traditional two-handed QWERTY keyboard.  In that type of system, as explained in the '963 patent:

> The QWERTY keyboard has been used as an input means since the development of the very first electronic devices. However, with the development of smaller, portable electronic devices, use of the QWERTY keyboard with these devices has certain drawbacks. As electronic devices have become smaller through advances in integrated circuitry, the traditional QWERTY keyboard is simply too large for many of the smaller electronic devices as the keyboard must be large enough to accommodate both hands of the user. Moreover, due the large size of the traditional keyboard, it is not sufficiently portable for use in conjunction with many of these electronic devices.

> Previous attempts to overcome this short coming of the keyboard have included the use of foldable keyboards as shown in U.S. Pat. No. 6,174,097 and the use of keyboards that allow for the direct connection of the electronic device to a full-size portable QWERTY keyboard as shown in U.S. Pat. No. 6,108,200. However, neither of these approaches reduces the area required for the use of the keyboard.

> …An additional drawback to the QWERTY keyboard is that it was designed to accommodate the mechanical components of the first typewriters, as such, the layout of its keys does not facilitate the rapid input of data from the keyboard.

> …Another drawback to the traditional QWERTY keyboard is that it has typically only had a single functionality, namely alphanumeric input. However, with the decrease in size of many of electronic devices, additional functions are required from a smaller keyboard that current keyboards cannot accommodate.

(*See* Exhibit A, '963 patent at 1:37 to 2:23.)

**Response:**     Google admits that the passages quoted in paragraph 11 of the Amended Counterclaims appear in the '963 patent specification.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Amended Counterclaims, and therefore denies them.

12.     The Inventor conceived of the inventions claimed in the '963 patent to address the aforementioned drawbacks of the prior art. As explained in the '963 patent:

> The miniaturization of many electronic devices has allowed them to be designed such that they can be operated with only a single hand of the user or has made their use incompatible with a full-sized QWERTY keyboard. Because the QWERTY keyboard was developed for two-handed use with the original typewriter, it cannot be readily adapted for efficient use by only a single hand, or one or both thumbs when used in conjunction with many electronic devices.

1
2
3

…Previous attempts to increase the speed and efficiency of data input into an electronic device have included the development and use of voice-recognition software. However, the error rate typically associated with this type of software has thus far prevented its large-scale use as an effective input device.

4
5
6

…Previous attempts to overcome shortcomings of the QWERTY keyboard have included the use of alternative keyboards, such as the standard 12-key arrangement found on most telephone and cellular phones. A drawback of using the standard telephone as a data-input device is the slow rate of input due to use of only a single finger or thumb to activate the keys.

7   (*See* Exhibit A, '963 patent at 1:56 to 2:30.)

8
9
10
11
12
13

The present invention provides a multifunctional input device. The input device includes a functional mode which defines the mode of operation of the input device. Each functional mode includes one or more domain levels with each domain level containing one or more domain-level values. Each domain level-value within each functional mode is assigned to one of a plurality of programmable input keys. The domain-level value assigned to each input key controls the function of that input key within a given functionality and domain level. The present invention also includes a display to indicate the domain-level value associated with each of the programmable input keys within a given functionality.

14   (*See* Exhibit A, '963 patent at 2:33-45.)

15
16
17
18

**Response:**   Google admits that the passages quoted in paragraph 12 of the Amended Counterclaims appear in the '963 patent specification.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Amended Counterclaims and therefore denies them.

19

**Technological Innovation**

20
21
22

13.   The patented inventions disclosed in the '963 patent resolve technical problems related to data input devices, and particularly, to problems related to the utilization of small-profile data input devices. As the patent explains, there are several limitations of the prior art as regards full-sized QWERTY keyboards in that:

23
24

[T]he keyboard must be large enough to accommodate both hands of the user. Moreover, due to the large size of the traditional keyboard, it is not sufficiently portable for use in conjunction with many of these electronic devices.

25   ('963 patent at 1:40-48.)

26
27

The miniaturization of many electronic devices has allowed them to be designed such that they can be operated with only a single hand of the user or has made their use incompatible with a full-sized QWERTY keyboard.

28   ('963 patent at 1:56-59.)

| GOOGLE'S ANSWER TO PRINCEPS SECUNDUS LLC'S AMENDED COUNTERCLAIMS | 6 | Case No.: 3:19-cv-6566-EMC |

Moreover, the size of the standard QWERTY keyboard, which can have in excess of 100 keys, often limits its versatility and utility as an input device.

('963 patent at 1:64-66.)

**Response:**   Google admits that the passages quoted in paragraph 13 of the Amended Counterclaims appear in the '963 patent specification.   Google lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 13 of the Amended Counterclaims and denies them on that basis.

14.   The claims of the '963 patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the patent in suit recite inventive concepts that are deeply rooted in computerized data input and data processing. They offer technology that overcomes problems specifically arising out of how to maximize efficiency and versatility associated with entering data  into a small profile data input device

**Response:**   Denied.

15.   In addition, the claims of the '963 patent recite inventive concepts that improve the functioning of electronic data input devices catalogs, particularly as they recite a combination of controls by which a user can dynamically generate user-specific data input interfaces for the devices.

**Response**:   Denied.

16.   Moreover, the claims of the '963 patent recite inventive concepts that are not merely routine or a conventional use of computer technology or transaction processing. Instead, the patented inventions disclosed in the patent in suit provide a new and novel solution to specific problems related to automating and customizing the process of entering data into small profile input devices by dynamically utilizing user specified control combinations. The claims of the patent in suit thus specify how interfaces for entering user data are manipulated to yield a desired result.

**Response:**   Denied.

17.   And finally, the patented inventions disclosed in the '963 patent do not preempt all the ways that user-specific interface selections may be used to improve entering data into small profile input devices, nor does the patent in suit preempt a well-known or prior art technology, such as a standard QWERTY keyboard.

**Response:**   Denied.

18.   Accordingly, the claims in the '963 patent recite a combination of elements sufficient to ensure that the claims, in substance and in practice, amount to significantly more than a patent-ineligible abstract idea.

**Response:**   Denied.

| GOOGLE'S ANSWER TO PRINCEPS SECUNDUS LLC'S AMENDED COUNTERCLAIMS | 7 | Case No.: 3:19-cv-6566-EMC |
|---|---|---|

## Count I – Infringement of U.S. Patent No. 6,703,963

19.     Princeps repeats and realleges the allegations set forth in the foregoing paragraphs of this Counterclaim and are incorporated herein by reference.

**Response:**     Google repeats and realleges its responses to the allegations set forth in the foregoing paragraphs and incorporates them by reference.

20.     On March 9, 2004, the '963 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Universal Keyboard."

**Response:**     Google admits that the '963 patent states on its face that it was issued on March 9, 2004 with the title "Universal Keyboard."  Google denies that the '963 patent was duly and legally issued.  Google denies the remaining allegations in paragraph 20 of the Amended Counterclaims.

21.     Princeps Secundus LLC is the assignee and owner of the right, title and interest in and to the '963 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**Response:**     Denied.

22.     Upon information and belief, Counterclaim Defendant Google has directly infringed and continues to directly infringe at least claims 1, 2, 3, 9, 12 and 60 of the '963 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell and/or importing information input devices such as Google's Pixel phones with proprietary Google Apps and/or third-party Apps with keyboard functionalities and an operating system such as the Android operating system (the "Accused Instrumentalities"), as set forth in detail in the attached preliminary and exemplary claim charts provided in Exhibits A-1 and A-2.  (*See* Princeps' Claim Charts for claims 1, 2, 3, 9, 12 and 60 of the '963 patent, Exhibits A-1 and A-2.)

**Response:**     Google denies the allegations in paragraph 22 of the Amended Counterclaims, and Google specifically denies that it has committed any acts of infringement.

23.     The Accused Instrumentalities infringed and continue to infringe claims 1, 2, 3, 9, 12 and 60 of the '963 patent during the pendency of the '963 patent.

**Response:**     Google denies the allegations in paragraph 23 of the Amended Counterclaims, and Google specifically denies that it has committed any acts of infringement.

24.     Google was made aware of the '963 patent and its infringement thereof at least as early as June 19, 2019, when it was served a complaint based on the '963 patent in an earlier action brought in another District, Del. No. 1:19-cv-01102-CFC (see Dkt. No. 7 in that case), dismissed without prejudice.

**Response:**    Google admits that it was made aware of the '963 patent on June 19, 2019 when it was served with a complaint in the now-dismissed Delaware action referenced in paragraph 24 of the Amended Counterclaims.  Google expressly denies that it has committed any acts of infringement.  Google denies the remaining allegations in paragraph 24 of the Amended Counterclaims.

25.    Users in California and elsewhere in the United States have used and interacted with Defendant's systems as recited in claims 1, 2, 3, 9, 12 and 60 of the '963 patent.

**Response:**    Google denies the allegations in paragraph 25 of the Amended Counterclaims, and Google specifically denies that it has committed any acts of infringement.

26.    On information and belief, collective Google is a for-profit organization with revenues of approximately $136 billion U.S.D. per year.  Moreover, Google, including its employees and/or agents, makes, uses, sells, offers to sell, imports, provides and causes to be used the Accused Instrumentalities for Defendant's customers, leading to direct and indirect revenues and profit.  As one example of indirect profit, entities such as Google will frequently offer the Accused Instrumentalities at reduced pricing as an inducement to attract select categories of customers, such as students, who then purchase additional products or services.  On information and belief, without the availability of infringing tools such as the Accused Instrumentalities, Google would be at a disadvantage in the marketplace and would generate less revenue overall.

**Response:**    Google admits that it is a limited liability company.  Google denies the remaining allegations in paragraph 26 of the Amended Counterclaims, and Google specifically denies that it has committed any acts of infringement.

27.    Princeps II has been harmed by Google's infringing activities.

**Response:**    Google denies the allegations in paragraph 27 of the Amended Counterclaims, and Google specifically denies that it has committed any acts of infringement.

28.    Princeps II reserves the right to modify its infringement theories as discovery progresses in this case.  It shall not be estopped for-purposes of its infringement contentions or its claim constructions by the claim charts it provides with these Counterclaims.  Princeps intends the claim charts (Exhibits A-1 & A-2) for the '963 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The claim charts are not Princeps' preliminary or final infringement contentions or preliminary or final claim construction positions.

**Response:**    Google admits that Princeps II purports to reserve certain rights and alleges certain intentions in paragraph 28 of the Amended Counterclaims.  To the extent the remaining allegations in paragraph 28 of the Amended Counterclaims are directed at Google, Google denies them.

### Jury Demand

29.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 3-6 of the Civil Local Rules, Princeps II demands a jury trial on all issues so triable.

**Response:**     Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Google is not required to respond.  To the extent that any allegations are included in the demand, Google denies these allegations.  Google hereby demands a trial by jury.

### Prayer for Relief

30.     WHEREFORE, Princeps II demands judgment for itself and against Google as follows:

A.     An adjudication that Google has infringed the '963 patent;

B.     An award of damages to be paid by Google adequate to compensate Princeps for Google's past infringement of the '963 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Princeps II's reasonable attorneys' fees; and

D.     An award to Princeps II of such further relief at law or in equity as the Court deems just and proper.

**Response:**     These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required.  Google denies that Princeps II is entitled to any relief, either as prayed for in paragraph 30 of the Amended Counterclaims or otherwise, and denies any allegations.

### General Denial

Google further denies each and every allegation contained in the Amended Counterclaims to which Google has not specifically admitted, denied, or otherwise responded herein.

### Google's Defenses

Google asserts the following defenses in response to the allegations of Princeps II's Amended Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Google reserves the right to assert any additional defenses as they become known during the course of this action or to the extent they are not otherwise deemed affirmative defenses by law.

**First Defense: Non-Infringement**

1.     Google does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, any valid and enforceable claim of the '963 patent, and therefore, Google is not liable for infringement of the '963 patent.

**Second Defense: Patent Invalidity**

2.     The claims of the '963 patent are directed to patent-ineligible subject matter and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

3.     The claims of the '963 patent are invalid and unenforceable under 35 U.S.C. § 102 because they lack novelty, and are taught and suggested by the prior art.

4.     The claims of the '963 patent are invalid and unenforceable under 35 U.S.C. § 103 because they are obvious in view of the prior art.

5.     The claims of the '963 patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

**Third Defense: Failure To State A Claim**

6.     Princeps II fails to state a claim on which relief can be granted.

**Fourth Defense: Limitations On Damages And Other Relief**

7.     Princeps II's claims for relief are barred, in whole or in part, by operation of the applicable statutes which limit damages and other relief, including, but not limited to, 35 U.S.C. §§ 286, 287, and 288.

**Fifth Defense: Prosecution History Estoppel**

8.     Princeps II is estopped from asserting any interpretation of the claims of the '963 patent that would be broad enough to cover any of Google's products or methods alleged to practice any

claim of the '963 patent based on amendments, statements, representations, and admissions made during the prosecution of the application that led to the '963 patent.

### Sixth Defense: Equitable Doctrines

9.      Princeps II's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches, estoppel, implied license, patent misuse, and/or unclean hands.

### Seventh Defense: Government Sales

10.      Princeps II's claims are barred by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the alleged inventions of the '963 patent by or for the United States.

Dated:   May 11, 2020

Respectfully submitted,

*/s/ Ameet A. Modi*
Ameet A. Modi

DESMARAIS LLP
John M. Desmarais (CA Bar No. 320875)
Emily H. Chen (CA Bar No. 302966)
101 California Street
San Francisco, CA 94111
T: (415) 573-1900
F: (415) 573-1901
jdesmarais@desmaraisllp.com
echen@desmaraisllp.com

Paul A. Bondor (admitted *pro hac vice*)
Ameet A. Modi (admitted *pro hac vice*)
Steven M. Balcof (admitted *pro hac vice*)
Elizabeth Weyl (admitted *pro hac vice*)
230 Park Avenue
New York, NY 10169
T: 212-351-3400
F: 212-351-3401
pbondor@desmaraisllp.com
amodi@desmaraisllp.com
sbalcof@desmaraisllp.com
eweyl@desmaraisllp.com

*ATTORNEYS FOR PLAINTIFF AND*
*COUNTER-DEFENDANT  GOOGLE LLC*